KAMBEITZ et al. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit.   December 17, 1919.)

No. 47.

1. LARCENY ⊂⊃7—STEALING PROPERTY SHIPPED OVER RAILROAD IN FEDERAL CONTROL.

Stealing property in course of transportation on a railroad operated under federal control, in which the United States has a special property as bailee, *held* to constitute an offense, under Criminal Code, § 47 (Comp. St. § 10214), making it an offense to steal any valuable thing whatever of the property of the United States.

2. RAILROADS ⊂⊃5½, New, vol. 6A Key-No. Series—INTERFERENCE BY LARCENY OF PROPERTY SHIPPED OVER FEDERAL CONTROLLED RAILROAD.

Property of a shipper, stolen while in course of transportation on a railroad operated under federal control, is not "property derived from or used in connection with the possession, use, or operation" of the railroad, within the meaning of Federal Control Act March 21, 1918, § 11 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115¾k).

3. RAILROADS ⊂⊃5½, New, vol. 6A Key-No. Series—INTERFERING WITH OPERATION OF FEDERAL CONTROLLED TRANSPORTATION COMPANY.

Stealing property in course of transportation by an express company operated under federal control constitutes an offense under Federal Control Act March 21, 1918, § 11 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115¾k), as "interfering with and impeding the possession, use, operation, and control" of the express company.

In Error to the District Court of the United States for the Northern District of New York.

Criminal prosecution by the United States against Otto Kambeitz and John F. Tobin. Judgment of conviction, and defendants bring error.   Affirmed.

See, also, 256 Fed. 247.

Lester W. Bloch, of Albany, N. Y., for plaintiffs in error.

D. B. Lucey, U. S. Atty., of Ogdensburg, N. Y.

Before WARD, ROGERS, and MANTON, Circuit Judges.

WARD, Circuit Judge.   Kambeitz and Tobin, employés on the New York Central Railroad, were convicted of stealing on the 20th day of November, 1918, certain furs, clothing, and dresses shipped through the American Railway Express Company on a train of the railroad company running between Albany and Syracuse in the state of New York.

The indictment contained three counts.   The first charged:

"* * * Did unlawfully and feloniously embezzle, steal, and purloin property of the United States, to wit, one fur coat, one fur neckpiece, and two ladies' dresses, then and there being transported by the United States and in its possession in a certain railroad car and then and there on the New York Central Railroad then and there run and operated as a part of a train between the city of Albany and the city of Syracuse in said district, * * * the said railroad having theretofore been taken over by the United States under and by virtue of that certain proclamation of the President of the United States issued on the 26th day of December, 1917, and which said railroad was on said 20th day of November, 1918, being operated under the control and in the possession of the United States, whereby the government

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of the United States had a special property in said goods, so stolen, as aforesaid, and was liable and responsible to the shippers or consignees for the money value thereof. * * *"

The second charged:

"* * * Were engaged in railroad and transportation service as employés on the New York Central Railroad, the said railroad then and there being under federal control and in use by the United States both in intrastate and interstate commerce, having theretofore been taken over by the United States, under and by virtue of that certain proclamation of the President of the United States issued on the 26th day of December, 1917, said defendants did unlawfully, knowingly and feloniously take and convert to their own use certain goods, to wit, one fur coat, one fur neckpiece, and two ladies' dresses, which said goods were then and there property used in connection with the possession, use, and operation of said railroad, in that said goods were then and there being transported in said district on said railroad, whereby the government of the United States had a special property interest in said goods so transported and was liable and responsible to the shippers or consignees for the money value thereof. * * *"

The third charged:

"* * * The said defendants then and there being engaged in railroad and transportation service and employed by the New York Central Railroad, which said railroad was then and there a common carrier and was being used and operated under federal control in the transportation of both intrastate and interstate commerce, did knowingly, willfully, unlawfully, and feloniously interfere with and impede the possession, use, operation, and control of a certain transportation system, to wit, the American Railway Express Company, which said transportation system was theretofore taken over by the United States under and by virtue of that certain proclamation of the President of the United States, issued on the 16th day of November, 1918, and which said express company then and there was being operated under the control and in the possession of the United States, in that the said defendants and each of them on the said 20th day of November, 1918, did steal, take, and carry away from a certain express car in a certain train then and there being operated and running between the city of Albany and the city of Syracuse, in said district, as a part of such transportation system, certain goods, to wit, one fur coat, one fur neckpiece, and two ladies' dresses, which said goods were then and there being transported by the said transportation system over certain of its lines in said district, and by the United States in so possessing, using, and operating such system. * * *"

The act of August 29, 1916 (chapter 418, Laws 1916), to take effect in time of war, under the heading "Ordnance Department," authorized the President, through the Secretary of War, to take possession and assume control of any system of transportation within the boundaries of the continental United States. December 26, 1917, the President by proclamation did, through the Secretary of War, take possession and assume control of every railroad within the United States, and by proclamation November 16, 1918, he took over all the express companies. The New York Central Railroad and the American Railway Express Company is each a system of transportation.

The act of March 21, 1918 (chapter 25, Laws 1918 [Comp. St. 1918, Comp. St. Ann. Sup. 1919, §§ 3115¾a–3115¾p]), entitled "An act to provide for the operation of transportation systems while under federal control, for the just compensation of the owners, and for other purposes," provides in section 11 (section 3115¾k):

"* * * Shall knowingly interfere with or impede the possession, use, operation, or control of any railroad property, railroad, or transportation system hitherto or hereafter taken over by the President, * * * shall be guilty of a misdemeanor. * * * For the taking or conversion to his own use or the embezzlement of money or property derived from or used in connection with the possession, use, or operation of said railroads or transportation systems, the criminal statutes of the United States, as well as the criminal statutes of the various states where applicable, shall apply to all officers, agents and employés engaged in said railroad and transportation service, while the same is under federal control, to the same extent as to persons employed in the regular service of the United States."

The act of October 23, 1918 (chapter 194, Laws 1918 [Comp. St. Ann. Supp. 1919, § 10199]), amended section 35 of the Criminal Code, so as to read:

"* * * Or whoever shall take and carry away or take for his own use, or for the use of another, with intent to steal or purloin, any personal property of the United States, * * * shall be fined not more than $10,000 or imprisoned not more than ten years, or both. * * *"

Section 11 of chapter 25, Laws 1918, provides that the criminal statutes of the United States shall apply to all officers, agents, and employés engaged in said railroad and transportation service while the same is under federal control who shall convert to their own use "property derived from or used in connection with the possession, use, or operation of said railroads or transportation systems." The same section makes it a misdemeanor for any one—

"to knowingly interfere with or impede the possession, use, operation or control of any railroad or transportation system hitherto or hereafter taken over by the President."

All this legislation was a constitutional exercise of the war power of Congress. Northern Pacific Ry. Co. v. State of North Dakota, 250 U. S. 135, 39 Sup. Ct. 502, 63 L. Ed. 897. It is not restricted to interstate commerce.

Section 47 of the Criminal Code (chapter 321, Laws 1909 [Comp. St. § 10214]), provides:

"Whoever shall embezzle, steal, or purloin any money, property, record, voucher, or valuable thing whatever, or the moneys, goods, chattels, records, or property of the United States, shall be fined not more than five thousand dollars, or imprisoned not more than five years, or both."

[1] A majority of the court think the foregoing federal legislation applies to goods in which the United States has a special property as bailee, as well as to such as it owns absolutely. Phelps v. People, 72 N. Y. 344. Therefore the first count of the indictment is good.

[2] A majority of the court think that the goods stolen were not property "derived from or used in connection with the possession, use or operation" of the New York Central Railroad and that the act contemplates instrumentalities of transportation rather than merchandise carried for freight. Therefore the second count of the indictment is bad.

[3] We all agree that the third count is good, because stealing goods in the course of transportation did interfere with and impede the pos-

session, operation, and control of the American Railway Express Company as charged.

As the defendants were convicted on all three counts, and fined $50, the conviction on the first and third counts is sufficient to support the judgment.

Judgment affirmed.