UNITED STATES of America,
Plaintiff,

v.

Humberto Enrique Rivera ECHEVAR-
RIA, Defendant.

Cr. No. 6-65.

United States District Court
D. Puerto Rico.

Jan. 16, 1967.

Antonio Cordova Gonzalez, Asst. U. S. Atty., San Juan, P. R., for plaintiff.

Yamil Galib Frangie, San Juan, P. R., for defendant.

MEMORANDUM AND ORDER

CANCIO, Chief Judge.

This case is now before this Court on a motion by Defendant wherein he requests that the indictment brought against him be dismissed. The grounds set forth on this request are, on the one hand, that the complaint does not, on its face, allege sufficient facts to constitute an offense against the United States; and, on the other hand, that the Court lacks jurisdiction to try this case since the monies allegedly purloined belong not to the Atomic Energy Commission as charged, but to the University of Puerto Rico, which is an agency of the Government of the Commonwealth of Puerto Rico. The parties were heard on these points in open court. A witness, the Director of the Puerto Rico Nuclear Center, was examined by both parties. The contrast between the Atomic Energy Commission and the University of Puerto Rico was offered and admitted in evidence. Then, the matter was taken under advisement.

The first grounds set forth are frivolous. The language in which the indictment is conceived is sufficient to inform the party of the crime with which he is being charged and is in keeping with the crime typified by 18 U.S.C. § 641.

As to the second grounds, it will be necessary, in order to decide the point, to examine the contract existing between the Atomic Energy Commission and the University of Puerto Rico.

Defendant is charged in the indictment on four separate counts alleging that on four different occasions "willfully and knowingly, with the intent to injure and defraud the Atomic Energy Commission, angency of the Government of the United States, did steal, purloin and convert to his own use" four different sums of monies "property of the Atomic Energy Commission" which had come into his possession and care "by virtue of his employment at the Puerto Rico Nuclear Center in Mayaguez, Puerto Rico. It is Defendant's contention that the Puerto Rico Nuclear Center is a division of the University of Puerto Rico which, in turn, is an agency of the Government of the Commonwealth of Puerto Rico; that the monies turned over by the Atomic Energy Commission to the Puerto Rico Nuclear Center are no longer the property of the United States, but become the property of the Puerto Rico Nuclear Center; and that any theft, stealing or purloining of said monies is not an offense against the United States, but if anything, an offense against the laws of the Commonwealth of Puerto Rico.

The Government of the United States and the University of Puerto Rico have entered upon a contract, No. AT–(40–1)–1833, under which the University has undertaken the management, operation and maintenance of a nuclear training and research center owned by the Government [1] at or near the University's campuses at Río Piedras and Mayaguez. Contract No. AT–(40–1)–1833, modification No. 11, November 30, 1965, Article I.[2] At the outset it should be carefully noted that under the terms of this Article, the University is charged with management, operation and maintenance of the Center while the Federal Government remains the owner.

Pursuant to this contract, the United States Government has granted the University authority to enter upon certain allowable expenditures with regard to the Nuclear Center. Article IV, Contract No. AT–(40–1)–1833. These expenses and expenditures are controlled by the Government. In fact, "payment for allowable costs shall be made by the University from the special bank account or accounts, consisting of *advances of Government funds* and revenues received in the performance of the contract work." (Emphasis supplied.) Id. Article V(1) (a). In supervising these transactions, the Atomic Energy Commission is charged with periodic reviews of the University's expenditures. Id. Article V(1) (b). And, upon completion of the work agreed upon in the contract, the Commission and the University shall settle or agree upon the settling of outstanding items of allowable costs and other matters. Id. Art. V(2).

The University is not required under the contract to utilize its own funds in making payments for allowable costs under it. Id. Art. VI(I). The funds advanced or received for the Nuclear Center are to be deposited in a bank under a special account separate from the funds of the University, in a manner which is satisfactory to the Commission. Id. Art. VI(2).

Finally, and to further clarify the issue herein involved, the contract itself very distinctly states that:

All funds advanced and all funds deposited in special accounts *shall remain the property of the Government until*

---

1. Every time that the word Government is used in the contract, as well as in this Memorandum and Order, it means, of course, the Government of the United States.

2. Article I, Paragraph I
   The basic undertaking of the University under this contract is the management, operation and maintenance of a nuclear training and research center (hereinafter called the "Nucelar Center" owned by the Government at or near the University's campuses at Río Piedras and Mayaguez.

*expended or returned.* Id. Art. VI(4). (Emphasis supplied.)

It can be readily held from the reading of the several clauses of the contract heretofore referred to, especially the last, that the mónies advanced to the Puerto Rico Nuclear Center are the property of the United States and that they never become the property of the University of Puerto Rico.

In view of the foregoing, it is the judgment of this Court that it be ordered, adjudged and decreed that Defendant's motion to dismiss be, and hereby is, denied.