## UNITED STATES of America

v.

## John P. FARRELL.

### Crim. No. 76–18.

United States District Court, M. D. Pennsylvania.

April 26, 1976.

S. John Cottone, U. S. Atty., Scranton, Pa., for plaintiff.

Anthony B. Panaway, Wilkes-Barre, Pa., for defendant.

### MEMORANDUM

NEALON, District Judge.

Defendant was indicted on January 25, 1976 by a federal grand jury for theft of government property in violation of 18 U.S.C. § 641. The item which defendant is alleged to have stolen is a color television set that had been purchased with funds furnished under Title I of the Elementary and Secondary Education Act of 1965, 20 U.S.C. § 241a *et seq.* (Title I), and, at the time of the alleged theft, was in the posses-sion of the Wilkes-Barre School District, which was using it in a Headstart program. Presently before the Court is defendant's motion to dismiss the indictment on the ground that the television set is not federal property within the meaning of § 641. In support of the motion, defendant correctly points out that, at the time of the alleged theft, the United States had neither title to nor possession of the television set. The government does not dispute the defendant's contentions with respect to title and possession, but maintains that, under the statutory scheme of Title I, as well as under the federal regulations applicable to all Title I programs, the United States attached sufficient strings to the television set to render it a "thing of value of the United States" within the meaning of § 641. Oral argument was heard on the motion on March 19, 1976, and the parties subsequently submitted briefs in support of their positions.

The government's argument in a nutshell is that Title I and its implementing regulations place sufficient control in the federal government over property purchased with Title I funds, and make local officials sufficiently accountable to the federal government for that property, to give the United States enough of an interest in the television set to render it federal property within the meaning of § 641. While the statute and the regulations do require that Title I funds only be used for the limited educational purposes of Title I, they do not seem to vest in the federal government the kind of property interest in equipment acquired with Title I funds to render such equipment federal property within the meaning of § 641.

Title I is designed to channel federal funds to local educational agencies (in most cases, as in this case, the local school district) for use by those agencies in meeting the needs of certain educationally deprived children. *See* 20 U.S.C. § 241a. Although Title I programs and projects are funded with federal money, they are controlled and

administered by the local agencies. The statute establishes the basic mechanism whereby federal funds are channeled to the local agencies,[1] and sets forth the basic criteria for qualification for federal funds under the statute.[2] In spite of these provisions to ensure that Title I funds are used only for the limited purposes of Title I, however, the basic philosophy of the legislation seems to be to place as little federal control as possible over the actual administration of the programs and projects funded under Title I. An example of this basic philosophy, and one pertinent to the instant case, is the provision in the statute that the local educational agency assure "that the control of funds provided under this subchapter, and *title to property derived therefrom,* shall be in a public agency for the uses and purposes provided in this subchapter, and that a public agency will administer such funds and property . . . ." 20 U.S.C. § 241e(a)(3)(A) (emphasis supplied).[3] In the instant case, no one disputes that, in accordance with the statute, title to the television set was in the Wilkes-Barre School District.

The regulations implementing Title I reflect the basic philosophy that control and administration of Title I programs be in local hands. *See* 45 C.F.R., Part 116. The regulations require, *inter alia,* the establishment of fiscal control and fund accounting procedures, 45 C.F.R. § 116.48; the maintenance of inventories of equipment acquired with Title I funds and costing $100 or more per unit, 45 C.F.R. § 116.55; and the accounting to the federal government for the proceeds from the sale of equipment required to be inventoried, 45 C.F.R. § 116.-47(b). These provisions, however, while seeking to ensure that Title I funds are used only for Title I purposes, do not vest in the federal government what could be correctly termed a property interest in Title I equipment. The requirement that all proceeds from the sale of Title I equipment be credited to the federal government is illustrative of this proposition. The United States has no interest in the property itself, as there is no restriction on the sale or disposition of the property by local officials. What the regulation does establish is a federal interest in the *proceeds* of such sale or disposition. That does not amount to a property interest in the equipment itself.

■ That the government must establish a property interest in the television set in order to prevail on the instant motion is clear. "It is an essential element of the crime of stealing Government property in violation of 18 U.S.C. § 641 that the Government have suffered an actual property loss." *United States v. Collins,* 464 F.2d 1163, 1165 (9th Cir. 1972). The cases that have sustained jurisdiction under § 641 in spite of a contention that there was insufficient federal interest in the allegedly stolen property have, without exception, involved instances where the United States

---

1. 20 U.S.C. § 241g. The statute sets up what is basically a two-part process. In the first part the state educational agency, in this case the Pennsylvania Department of Education, applies to the United States Commissioner of Education for Title I funds. 20 U.S.C. § 241f. Once it is determined that the funds are to be used only in programs and projects which meet the criteria set forth in the statute (primarily in § 241e), a grant is made to the state agency, which, in turn, makes grants to the local agencies within its state for programs and projects which have been proposed by the local agency and which meet the criteria of the statute. 20 U.S.C. § 241g.

2. 20 U.S.C. § 241e. Essentially, the statute requires "that payments . . . be used for programs and projects (including the acquisition of equipment . . .) which are designed to meet the special educational needs of educationally deprived children in school attendance areas having high concentrations of children from low-income families . . . " 20 U.S.C. § 241e(a)(1).

3. The statute specifies that control of funds and title to property be in a *public* agency in order to distinguish a private organization. This is necessary because, under the statute, private schools are eligible to receive Title I funds. *See Wheeler v. Barrera,* 417 U.S. 402, 94 S.Ct. 2274, 41 L.Ed.2d 159 (1974). The distinction between public and private agencies is, of course, irrelevant to the instant suit. What is pertinent here, however, is that the statute assumes that title to property acquired with Title I funds will be in local, as opposed to federal, hands.

had either title to[4] or possession of[5] the property involved. As the government had neither title to nor possession of the property which the defendant in the instant case is alleged to have stolen, there is no federal property within the meaning of § 641, and the indictment must be dismissed.[6]

4. *United States v. Miller,* 520 F.2d 1208 (9th Cir. 1975); *United States v. Caverly,* 408 F.2d 1313 (3d Cir. 1969); *Thompson v. United States,* 256 F. 616 (2d Cir. 1919), *cert. denied,* 249 U.S. 617, 39 S.Ct. 391, 63 L.Ed. 804; and *United States v. Echevarria,* 262 F.Supp. 373 (D.P.R.1967).

5. *Fowler v. United States,* 273 F. 15 (9th Cir. 1921); *Kambeitz v. United States,* 262 F. 378 (2d Cir. 1919).

6. It should be emphasized that this holding only forecloses, on jurisdictional grounds, the *federal* prosecution of the defendant for the alleged theft of the television set. Nothing in this opinion would prevent the state authorities in Luzerne County from prosecuting the defendant for larceny under the Commonwealth of Pennsylvania's criminal code, and, indeed, defense counsel acknowledged at oral argument on the instant motion that his client would be subject to prosecution in state court for the theft alleged here.