Leslie Robert GLASS, Appellant,

v.

UNITED STATES of America, Appellee.

Patrick John BURMEISTER, Appellant,

v.

UNITED STATES of America, Appellee.

Stanley Eugene DAVIS, Appellant,

v.

UNITED STATES of America, Appellee.

Nos. 8166–8168.

United States Court of Appeals
Tenth Circuit.

Oct. 13, 1965.

---

Jon D. Boltz, of Wilson & Boltz, Denver, Colo., for appellant Leslie Robert Glass.

Michael F. Morrissey, of Frickey & Morrissey, Denver, Colo., for appellant Patrick John Burmeister.

Gary Hemminger, Denver, Colo. (Bruce Owenbey, Denver, Colo., filed a brief), for appellant Stanley Eugene Davis.

Donald P. MacDonald, Asst. U. S. Atty., Denver, Colo. (Lawrence M. Henry, U. S. Atty., Denver, Colo., on the brief), for appellee.

Before PICKETT, BREITENSTEIN and HILL, Circuit Judges.

PICKETT, Circuit Judge.

The appellants, Glass, Burmeister and Davis, together with another defendant, Anderson, were charged in a two-count indictment with violations of the Federal Bank Robbery Act. The first count alleged that Anderson and Glass, by the use of firearms, put in jeopardy the lives of employees of the Erie Bank at Erie, Colorado, and stole approximately $7,553.95, in violation of 18 U.S.C. § 2113(d). This count also alleged that Burmeister and Davis did aid, abet, counsel and induce Anderson and Glass in the commission of the robbery in violation of 18 U.S.C. § 2. The second count alleged that Burmeister and Davis, knowing the money to have been stolen from the Erie Bank, received a portion thereof. All

defendants were convicted on the first count; Burmeister was acquitted on the second count; but Davis was found guilty. Anderson and Glass were sentenced to imprisonment for a term of 15 years, Burmeister to 8 years, and Davis to a 6 year term on each count, the sentences to run concurrently. Glass, Burmeister and Davis have perfected separate appeals.

On July 17, 1964, two armed men entered the Erie Bank, forced the employees into the bank vault, and escaped with about $7,500.00. A short time thereafter, Anderson, Glass, Burmeister and Davis were arrested and charged with the crime. There was evidence that the four defendants had met previously and planned the robbery. Anderson and Glass entered the bank while Burmeister and Davis were in a nearby bar. Shortly thereafter the four men were together in Boulder, Colorado. After the arrest, Davis was interviewed by an F.B.I. agent and admitted that he had associated with the other three defendants prior to the robbery, but denied any involvement in the commission of the crime. When Anderson was interviewed by an F.B.I. agent, he made a full confession and gave the details of the robbery. When the agent testified as to the confession, the names of Burmeister and Davis were not mentioned. The trial court instructed the jury that the statements of Davis or Anderson could not be considered as evidence of the guilt of any defendant other than the one making the statement. No contention is made that Anderson's confession was not voluntary or that the evidence did not support the verdicts.

■ Prior to the trial, Burmeister and Davis filed a motion requesting separate trials. In substance, it was alleged that these defendants had reason to believe that one of the co-defendants had made a confession which implicated them in the crime, and that under the circumstances a fair trial could not be had if this statement were introduced in evidence. They further alleged that they had no criminal records and could not

obtain a fair and impartial trial due to the character of their co-defendants, who had extensive criminal records. The denial of this motion is assigned as error. This court has, on numerous occasions, considered the right of a defendant to a severance when the confession of a co-defendant implicates others. We have recognized that it is difficult to remove the prejudicial effect of such a confession by instructing the jury that the confession is hearsay as to other defendants and should not be considered in determining their guilt. In Walton v. United States, 10 Cir., 334 F.2d 343, 347, cert. denied Comley v. United States, 379 U.S. 991, 85 S.Ct. 706, 13 L.Ed.2d 612, we said: "A situation such as this presents a difficult problem for the trial judge in criminal cases where there are multiple defendants who should be tried together, and requires utmost care in the exercise of his broad discretion in determining whether separate trials should be granted to co-defendants. Its action will be upheld unless there is a clear abuse of discretion." See also, DeVault v. United States, 10 Cir., 338 F.2d 179; Baker v. United States, 10 Cir., 329 F.2d 786, cert. denied 379 U.S. 853, 85 S.Ct. 101, 13 L.Ed.2d 56; Dennis v. United States, 10 Cir., 302 F.2d 5; Maupin v. United States, 10 Cir., 225 F.2d 680. The record discloses that the court was particularly careful in its instructions to the jury, limiting the consideration of the statements to the defendants who made them. We find no abuse of discretion in denying the motion for severance.

■ At the close of all of the evidence, Burmeister moved the court to require the prosecution to elect which count of the indictment it would submit to the jury. This motion is without merit. Even if Burmeister could be convicted on only one count of the indictment, it was for the jury to make the determination, which it did, and Burmeister was not prejudiced by the failure of the court so to instruct.

■ A more difficult question arises as to Davis, who was convicted on both

counts and given identical sentences, to run concurrently. Even though Section 2113(c) defines offenses separate and distinct from robbery or larceny, a thief cannot be guilty of bank robbery and also the crime of receiving property which was stolen. Milanovich v. United States, 365 U.S. 551, 81 S.Ct. 728, 5 L.Ed.2d 773; Heflin v. United States, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407.

■ The United States argues that Davis was charged, not as a principal, but with aiding and abetting the principals in the robbery, and therefore was not within the rule of the Milanovich and Heflin cases. Under the provisions of 18 U.S.C. § 2, one who aids or abets in the commission of an offense is a principal. Reason forbids the construing of a statute so as to permit one charged with aiding and abetting in a bank robbery and also receiving the stolen property to be subject to a greater sentence than those who actually committed the robbery. Cf. Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed. 2d 370. Although there was ample evidence to sustain the conviction of Davis on either count of the indictment, we are unable to distinguish this case from Milanovich, which compels reversal and a new trial because both counts were submitted to the jury without an instruction that he could be convicted only on one.

■ On one occasion during the trial, appellant Glass was in a position to be observed by the jury while he was wearing handcuffs; he thereafter moved for a mistrial. This was an isolated incident occurring in the hallway of the court house. The record does not show that the court abused its discretion in denying the motion. Way v. United States, 10 Cir., 285 F.2d 253.

The judgments and sentences of Davis are reversed, and the case remanded for a new trial.

As to Glass and Burmeister, the judgments and sentences are affirmed.