**Bobby Joe THOMAS, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 26009.**

United States Court of Appeals
Fifth Circuit.

Nov. 5, 1969.

Harry W. Margolis, Dallas, Tex., for appellant.

Ernest Morgan, U. S. Atty., Jeremiah Handy, Reese L. Harrison, Jr., Asst. U. S. Attys., San Antonio, Tex., for appellee.

Before COLEMAN and GODBOLD, Circuit Judges, and SCOTT, District Judge.

GODBOLD, Circuit Judge:

This bank robbery case must be reversed under the *Milanovich* doctrine. Milanovich v. United States, 365 U.S. 551, 81 S.Ct. 728, 5 L.Ed.2d 773 (1961).

The appellant was indicted in six counts: Count 1, conspiracy in violation of 18 U.S.C. § 2113(a) (b) (c) and (d); Count 2, conspiracy in violation of § 2113(a); Count 3, taking of money in violation of § 2113(a); Count 4, taking and carrying away the same money in violation of § 2113(b); Count 5, receiving and possessing the same money in violation of § 2113(c); Count 6, taking the same money by use of a dangerous weapon, in violation of § 2113(d).

The jury was instructed that it could find appellant guilty on all six counts, and the jury did so. The District Court sentenced on all six counts, then vacated

the sentence because of Eakes v. United States, 391 F.2d 287 (5th Cir. 1968). On resentencing it imposed no sentence on Counts 3, 4, and 5, treating them as surplusage, and sentenced appellant to five years on Count 1, five years on Count 2, and 25 years on Count 6, the sentence on Count 2 to run concurrently with the sentence on Count 1 and the sentences imposed on Counts 1 and 2 to run concurrently with the sentence imposed on Count 6.

The vacation of the sentences on Counts 3, 4 and 5 does not cure the error, even though the concurrent sentence imposed under Count 6 is longer than those set aside. *Milanovich, supra.*

On this appeal the government recognizes the *Milanovich* principle but urges its inapplicability because no objection was made to the court's charge. This argument has been foreclosed by Baker v. United States, 357 F.2d 11 (5th Cir. 1966), holding that failure to charge that the defendant could be convicted of robbery or of receiving the proceeds of the robbery, but not of both, was plain error.

 The issues of refusal to grant a continuance, voir dire examination of the jury, and sufficiency of the evidence, require no discussion in view of our disposition of the case. If Count 1 is duplicitous, the government can be required to elect at another trial. Reno v. United States, 317 F.2d 499 (5th Cir. 1963).

The argument that for a conviction under § 2113(d) it must be proved that the gun, which was displayed in the bank and waved about, was loaded and specifically pointed at some person has been settled in this Circuit by Baker v. United States, 412 F.2d 1069 [5th Cir., June 20, 1969].

The question whether Count 6 of the indictment contains surplusage was not raised in the trial court, and there was no objection to the court's charging in terms of the statute rather than in terms of the alleged surplusage.

Since we direct a new trial the claim of ineffectiveness of trial counsel need not be discussed. Nevertheless, that disposition should not be construed as implying there are substantial grounds for such a claim. There are not.

Reversed and remanded.