Kenneth Earl **JOHNSTONE, Jr.,**
Petitioner-Appellant,

v.

**UNITED STATES of America,**
Respondents-Appellees.

No. 28038.

United States Court of Appeals
Fifth Circuit.

Dec. 4, 1969.

Kenneth Earl Johnstone, Jr., pro se.
Edward F. Boardman, U. S. Atty.,
Joseph W. Hatchett, Asst. U. S. Atty.,
Jacksonville, Fla., for respondents-appellees.

Before BROWN, Chief Judge, and THORNBERRY and MORGAN, Circuit Judges.

PER CURIAM:

In this pro se case appellant has failed to file a brief within the time fixed by Rule 31, F.R.A.P., and it is therefore appropriate to dispose of this case summarily pursuant to Rule 9(c)(2) of this Court. Stout v. Broom, 5th Cir. 1969, 406 F.2d 758.

The appeal is taken from the order of the district court denying the motion to vacate sentence filed by a federal convict pursuant to 28 U.S.C. § 2255. We affirm.

Appellant was convicted of conspiracy under 18 U.S.C. § 371 and of bank robbery under 18 U.S.C. § 2113(a), and was sentenced to consecutive terms of five years and 10 years, respectively. He contends in his motion to vacate sentence that the conspiracy sentence is excessive, since he is being punished for the planning of the robbery as well as for the robbery itself. The district court properly denied relief.

It is a well settled principle that consecutive sentences may be imposed for the violation of a criminal statute and for conspiracy to violate it. Pereira v. United States, 1954, 347 U.S. 1, 74 S.Ct. 358, 98 L.Ed. 435; Pinkerton v. United States, 1946, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489; Sanders v. United States, 5th Cir. 1969, 415 F.2d 621; Meyers v. United States, 5th Cir. 1958, 260 F.2d 956, cert. denied 359 U.S. 975, 79 S.Ct. 893, 3 L.Ed.2d 841. This principle holds true unless the contrary is specified by the statute defining the specific offense involved. Pegram v. United States, 8th Cir. 1966, 361 F.2d 820. Section 2113, Title 18 U.S.C. does not preclude a consecutive sentence for conspiracy. The judgment below is affirmed.

Affirmed.