**STATE of Missouri, Respondent,**

v.

**Richard MAGERS, Appellant.**

**No. 54816.**

Supreme Court of Missouri, Division No. 1.

April 13, 1970.

John C. Danforth, Atty. Gen., Peter H. Ruger, Asst. Atty. Gen., Jefferson City, for respondent.

R. M. Gifford, Green City, for appellant.

WELBORN, Commissioner.

Appeal from sentence and judgment of six years' imprisonment, imposed under Second Offender Act, after jury found appellant, Richard Magers, guilty of receiving stolen property.

On October 29, 1967, Kathryn Ray parked her 1965 Chevrolet Bel-Air sedan on the parking lot at her place of employment in Centerville, Iowa. When she came out, the vehicle was missing.

In December, 1967, James H. Grubb, Jr., the son-in-law of Mrs. Ray and a student at Northeast Missouri State College in Kirksville, saw an auto in a filling station at Kirksville which he believed was Mrs. Ray's Chevrolet. When he saw the car, it was stripped, with the hood, fenders, transmission and motor missing, as well as the front door on the driver's side. Grubb had driven the vehicle before it was stolen. From examination of a chrome trim which he had repaired, he identified the vehicle as that of Mrs. Ray.

David Gerstley, the operator of the service station where Grubb found the vehicle, needed a new motor for his wrecker. He went to John Middleton's body shop and arranged to purchase for $150 the motor from Mrs. Ray's auto. Payment was by way of credit on a $200 account owed Gerstley by Middleton. The motor was to be removed and delivered to Gerstley. A few days later, Gerstley stopped by Middleton's body shop and talked to defendant, Richard Magers, and an otherwise unidentified "Russell" and inquired whether they had removed the motor. They had not done so. Gerstley needed the motor badly so Magers and Middleton brought the entire vehicle to Gerstley's station, where he removed the motor.

Ray Bratton, operator of a body shop in Kirksville, had previously purchased the front end off a 1965 Chevrolet from Magers for $300. The color was the same as that of Mrs. Ray's automobile. According to Bratton, the front end came from an auto of the same body style as Mrs. Ray's. The vehicle also had a 283 cubic inch engine, as did Mrs. Ray's, indicated by numerals on the fender.

Mrs. Ray's auto had been driven somewhat more than 20,000 miles. It had received no significant collision damage. No evidence of collision damage appeared on the portion of the car at the Gerstley station or on the front end assembly purchased by Bratton.

At the trial, the state adduced evidence substantially as set out above. No evidence was offered on behalf of the appellant. His sole contention on this appeal is that the

evidence adduced did not warrant the submission to the jury of the issue of his guilt of the offense, defined by § 560.270, RSMo 1959, V.A.M.S., of receiving stolen property knowing the same to have been stolen.

Although the main thrust of appellant's argument is directed at what he asserts is inadequate proof of his knowledge that the vehicle with which he dealt was stolen and of the identification of the front end which he sold Bratton as coming from the Ray auto, the most obvious shortcoming of the state's case is the complete absence of evidence of appellant's receipt of the Ray auto. Not one word of evidence in the transcript before us accounts for the handling of the property from the time of its disappearance until the transaction between appellant and Bratton, assuming that the evidence is sufficient to connect the front end bought by Bratton as coming from the Ray automobile.

Proof of receipt of the property involved is necessary to establish that the offense of receiving stolen property has been committed. Such proof is necessary in order to differentiate between the actual thief and the receiver. In an early case, this court held that a principal in the larceny cannot be convicted of receiving stolen property, State v. Honig, 78 Mo. 249. In that case, the court said (l. c. 252–253):

" * * * One object in punishing a person as the receiver of stolen goods, is to prevent the real thief or taker from getting rid of the visible evidence of his crime by transferring the possession to another, and aiding him thereby in converting the property into another form and lessening the chances of detection. If he is a principal actor in the theft—the actual captor of the property, it is illogical and contradictory to say he has received it from another. * * *"

On the record before this court, it cannot be said that appellant was the receiver rather than the taker of the stolen auto. His possession of the stolen property might be invoked to establish that the latter was his role. See State v. Dobson, Mo.Sup.,

303 S.W.2d 650. However, possession of stolen property "raises no presumption defendant knew the property had been stolen by another." State v. Taylor, Mo.Sup., 422 S.W.2d 633, 636 [1, 2].

Absent evidence of appellant's receipt of the property, we need give no consideration to the proof on this record of his knowledge that the automobile was stolen. The property involved being an automobile, evidence of how appellant came into its possession would undoubtedly shed light on his knowledge that the vehicle had been stolen. Nothing could be resolved by passing upon the evidence presented on this issue at the trial now under review.

Reversed and remanded.

HOUSER and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

SEILER, P. J., HOLMAN, J., and MEYERS, Special Judge, concur.