435 F.2d 1272
 UNITED STATES of America, Plaintiff-Appellee,
v.
Billy Joe SUEL, Jerry Wayne Grammer and Larry Dean Grammer, Defendants-Appellants.
 No. 27958 Summary Calendar.*
 United States Court of Appeals, Fifth Circuit.
 December 21, 1970.
 
 Thomas P. Moore, Jr., Waco, Tex., Court appointed, for Suel and Jerry Grammer and Larry Dean Grammer.
 Larry Dean Grammer, pro se.
 Jerry W. Grammer, pro se.
 Billy Joe Suel, pro se.
 Jeremiah Handy, Asst. U. S. Atty., Seagal V. Wheatley, U. S. Atty., San Antonio, Tex., for plaintiff-appellee.
 Before GEWIN, GOLDBERG and DYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 In this bank robbery case appellants Billy Joe Suel, Jerry Wayne Grammer, and Larry Wayne Grammer were indicted in 1968 in four counts: Count 1, conspiracy to commit larceny in violation of 18 U.S.C.A. § 371; Count 2, entering a bank insured by the Federal Deposit Insurance Corporation with intent to commit larceny in violation of 18 U.S.C.A. § 2113(a); Count 3, taking and carrying away of money in violation of 18 U.S.C. A. § 2113(b); Count 4, receiving, possessing, or concealing the same money in violation of 18 U.S.C.A. § 2113(c).[1]
 
 
 2
 The jury was instructed that it could find appellants guilty on all four counts, and the jury did so. Appellants were each sentenced to concurrent sentences on Counts 1 and 2. No sentences were imposed on Counts 3 and 4, the jury's findings of guilty on those counts being treated as surplusage.
 
 
 3
 This case is directly controlled by Thomas v. United States, 5 Cir.1969, 418 F.2d 567, which held it plain error under Milanovich v. United States, 1961, 365 U.S. 551, 81 S.Ct. 728, 5 L.Ed.2d 773, for the trial court to instruct the jury that they might find defendants guilty both of larceny under § 2113(a) and (b) and receiving the proceeds of that larceny under § 2113(c).
 
 
 4
 The Government seeks to avoid the holding in Thomas by contending that appellants are here collaterally raising an issue of erroneous jury instructions, which issue is outside the scope of § 2255. But see Keating v. United States, 9 Cir.1969, 413 F.2d 1028. The record, however, reveals that the present case constitutes a direct appeal from the convictions below. While appellants failed to secure a timely appeal, they did subsequently file a § 2255 motion before the same trial judge. In that motion appellants contended that they were denied the right to file a timely appeal because of an agreement between defense attorneys and the prosecution whereby no appeal was to be pursued in return for the dropping of other pending charges. The court below granted relief on this point and permitted appellants to prosecute a direct appeal from their convictions. It is in this light that the instant case has reached this court.
 
 
 5
 Also without merit is the Government's argument that Thomas should not be accorded retroactive application so as to compel reversal in the present case. Thomas was premised upon the principles enunciated in Heflin v. United States, 1959, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407, and Milanovich v. United States, supra, decisions which preceded appellants' trial by many years. Moreover, the precise issue decided in Thomas was considered by this court in Baker v. United States, 5 Cir.1966, 357 F.2d 11, where we reached the same result. Since Baker antedated appellants' trial, there is no question here of retroactive application.
 
 
 6
 We therefore reverse appellants' convictions and remand for a new trial. In view of our disposition of this case, we need not consider appellants' further contention that perjured testimony was employed against them.
 
 
 7
 Reversed and remanded.
 
 
 
 Notes:
 
 
 *
 [1] Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5th Cir., 1970, 431 F.2d 409, Part I
 
 
 [1]
 The indictment also charged Wanda Nell Grammer under Counts 1 and 4. The jury acquitted her of Count 1, but found her guilty of Count 4. She has not appealed