**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Mark CHEERS, Jr., Defendant-Appellant.**
**No. 30196**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Feb. 8, 1971.

Rehearing Denied and Rehearing En Banc Denied March 19, 1971.

Lester F. Sumners, (Court-appointed) New Albany, Miss., for defendant-appellant.

H. M. Ray, U. S. Atty., Norman L. Gillespie, Asst. U. S. Atty., Oxford, Miss., for plaintiff-appellee.

Before GEWIN, GOLDBERG, and DYER, Circuit Judges.

PER CURIAM:

Appellant, Mark Cheers Jr., was indicted in 1969 on two counts: Count 1, conspiracy to rob a bank insured by the Federal Deposit Insurance Corporation in violation of 18 U.S.C.A. § 371; and Count 3, receiving stolen money from the bank in violation of 18 U.S.C.A. §§ 2, 2113(c).[1]

---

* [1] Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

1. Several co-defendants were also charged in the indictment. Thus, Count 1 additionally charged Josie Mae Austin, Shirley Mister, and Charles Taylor (a/k/a Charles Flowers). Count 2, robbing the bank by use of a deadly weapon in violation of 18 U.S.C.A. § 2113(a), (d), charged Taylor, while Count 3, in addition to appellant, indicted Mister. Taylor

The jury was instructed that it could find appellant guilty on both the conspiracy and the substantive counts, and the jury did so. Appellant was subsequently sentenced to three years on Count 1 and five years on Count 3, the sentences to run consecutively.

■ Appellant first contends that under the principles of Milanovich v. United States, 1960, 365 U.S. 551, 81 S.Ct. 728, 5 L.Ed.2d 773, and Heflin v. United States, 1959, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407, he cannot be convicted both of conspiracy to commit bank robbery and receiving stolen money from the bank. In those two cases the Supreme Court held that the separate sentence for receiving stolen money provided under the federal bank robbery statute was not designed to increase punishment for one who robs a bank; rather, it was simply designed to provide punishment for those who receive the loot from the robber. *See also* United States v. Suel, 5 Cir. 1970, 435 F.2d 1272; Thomas v. United States, 5 Cir. 1969, 418 F.2d 567. Under the federal statute, therefore, the acts of robbing and receiving when performed by the same individual become merged into a single substantive offense.

Seizing upon the logic of these cases, appellant contends that

"If Mark Cheers, Jr. was guilty of a conspiracy it was to rob the Grenada Bank. The robbery was consummated as an overt act by one of the conspirators and therefore became the act of Cheers. Cheers cannot be convicted of robbery and receiving * * *."

■■ Appellant's syllogistic reasoning, however, ignores the well-established principle that "the commission of the substantive offense and a conspiracy to commit it are separate and distinct offenses." Pinkerton v. United States, 1946, 328 U.S. 640, 643, 66 S.Ct. 1180, 1182, 90 L.Ed. 1489. The offense of conspiracy to rob a bank and the offense

of robbing that same bank are not merged into a single substantive crime. Where both offenses are charged, we have held that separate consecutive sentences may be imposed in each without double jeopardy. Johnstone v. United States, 5 Cir. 1969, 418 F.2d 1094. This is true even where the "overt acts charged in the conspiracy counts were also charged and proved as substantive offenses. * * * The agreement to do an unlawful act is even then distinct from the doing of the act." Pinkerton v. United States, *supra*, 328 U.S. at 644, 66 S.Ct. at 1182. *Compare* Glass v. United States, 10 Cir. 1965, 351 F.2d 678 (rule may be different under offense of "aiding and abetting" bank robber, for 18 U.S.C.A. § 2 provides that "aider and abetter" be treated as principal). Appellant's argument that in effect he was convicted of robbing and receiving is therefore without merit. Since conspiracy to rob is not merged with the offense of robbery, we see no reason to hold that the conspiracy count is merged with the substantive crime of receiving the proceeds of a robbery. Absent such a merger, the *Milanovich* doctrine is inapplicable. Cheers' separate convictions for conspiracy to rob a bank and receiving stolen money from that bank are consequently valid.

Appellant also argues that the evidence on conspiracy was insufficient to exclude any hypothesis other than guilt. We have carefully reviewed the record and find that contrary to appellant's contentions there was sufficient evidence upon which the jury could have based its determination that appellant participated in a conspiracy to rob the Grenada Bank. *See* United States v. Duke, 5 Cir. 1970, 423 F.2d 387, 389; Roberts v. United States, 5 Cir. 1969, 416 F.2d 1216; Nelson v. United States, 5 Cir. 1969, 415 F.2d 483, cert. denied, 396 U.S. 1060, 90 S.Ct. 751, 24 L.Ed.2d 754.

The judgment is affirmed.

pled guilty to Count 2, and a jury returned a verdict of guilty against all named defendants under Counts 1 and 3.

Appellant Cheers alone is involved in the present appeal.

ON PETITION FOR REHEARING
AND PETITION FOR RE-
HEARING EN BANC

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.