UNITED STATES of America,
Plaintiff-Appellee,

v.

Robert E. NIMS and Laurence L. La-Garde, Sr., Defendants-Appellants.

No. 74–1591
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Dec. 5, 1975.
As Modified on Denial of Rehearing
Jan. 22, 1976.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Louis C. LaCour, New Orleans, La., for Nims.

Cecil M. Burglass, Jr., New Orleans, La., for LaGarde.

Gerald J. Gallinghouse, U. S. Atty., Michael H. Ellis, Mary Williams Cazalas, Asst. U. S. Attys., K. Eric Gisleson, Dept. of Justice, New Orleans, La., for plaintiff-appellee.

Before BROWN, Chief Judge, GODBOLD and GEE, Circuit Judges.

PER CURIAM:

Appellants Nims and LaGarde were found guilty by a jury of violating 18 U.S.C.A. § 1952[1] (interstate travel in aid of racketeering), § 1955[2] (illegal gam-

---

1. *§ 1952. Interstate and foreign travel or transportation in aid of racketeering enterprises*

(a) Whoever travels in interstate or foreign commerce or uses any facility in interstate or foreign commerce, including the mail, with intent to—
    (1) distribute the proceeds of any unlawful activity; or
    (2) commit any crime of violence to further any unlawful activity; or
    (3) otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity,
and thereafter performs or attempts to perform any of the acts specified in subparagraphs (1), (2), and (3), shall be fined not more than $10,000 or imprisoned for not more than five years, or both.

(b) As used in this section "unlawful activity" means (1) any business enterprise involving gambling, liquor on which the Federal excise tax has not been paid, narcotics, or controlled substances (as defined in section 102(6) of the Controlled Substances Act), or prostitution offenses in violation of the laws of the State in which they are committed or of the United States, or (2) extortion, bribery, or arson in violation of the laws of the State in which committed or of the United States.

2. *§ 1955. Prohibition of illegal gambling businesses*

(a) Whoever conducts, finances, manages, supervises, directs, or owns all or part of an illegal gambling business shall be fined not more than $20,000 or imprisoned not more than five years, or both.

(b) As used in this section—
    (1) "illegal gambling business" means a gambling business which—
        (i) is a violation of the law of a State or political subdivision in which it is conducted;
        (ii) involves five or more persons who conduct, finance, manage, supervise, direct, or own all or part of such business; and

bling business), and § 2[3] (aiding and abetting). Their convictions arose out of the shipment of pinball machines from the Bally Company, William O'Donnell, President, in Chicago to Boasberg and his company, the New Orleans Novelty Company, in New Orleans. Boasberg was the distributor for Bally in the New Orleans area. He distributed the machines to novelty and amusement companies which in turn contracted with various bars and restaurants for the actual placement and operation of the machines for public use.

The indictment was in 16 counts. Count 1 alleged a conspiracy, 18 U.S.C.A. § 371,[4] against the Bally Company, its President O'Donnell, Boasberg, and 11 of the Boasberg's customers—including defendants Nims (Lucky Coin Machine Company) and LaGarde (TAC Amusement Company)—to violate § 1952. The next 8 counts alleged substantive violations of § 1952 and § 2 against the Bally Company, O'Donnell, Boasberg, and one or more of Boasberg's customers, each count being identical except that different customers were named in each count. The final 7 counts alleged substantive violations of § 1955 and § 2 against the Bally Company, O'Donnell, Boasberg, and one or more of Boasberg's customers, each count again being identical except that different customers were named. Only nine defendants went to trial and three of these were severed

during the trial. The jury acquitted each of the remaining six defendants on the conspiracy count, acquitted the Bally Company and O'Donnell on all substantive counts, and convicted Boasberg, Nims, LaGarde, and LaGarde's partner Elms of violating the substantive counts alleging violations of §§ 1952 and 1955. Only Nims and LaGarde appeal.

Appellants contend that the District Court erred in not granting their motions for severance and that the offenses alleged in the indictment are duplicitous.

■ Appellants have simply not carried—nor even attempted to carry—their heavy burden of showing that the District Court abused its discretion in not granting a severance under F.R. Crim.P. 14 because of prejudice resulting from an otherwise proper joinder. See *United States v. Lane*, 5 Cir., 1972, 465 F.2d 408. Rather, appellants' main contention concerning misjoinder is that their joinder was never proper under F.R.Crim.P. 8(b). They assert that the conspiracy count was brought in bad faith and solely for the purpose of permitting joinder, should have been dismissed at the close of the prosecution's case, and without the conspiracy count— of which the jury acquitted all defendants— joinder would not have been permitted under Rule 8(b).

We may assume appellants are correct that without the allegation of conspir-

---

(iii) has been or remains in substantially continuous operation for a period in excess of thirty days or has a gross revenue of $2,000 in any single day.

(2) "gambling" includes but *is not limited* to pool-selling, bookmaking, maintaining slot machines, roulette wheels or dice tables, and conducting lotteries, policy, bolita or numbers games, or selling chances therein.

**3.** *§ 2. Principals*

(a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

(b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

**4.** *§ 371. Conspiracy to commit offense or to defraud United States*

If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined not more than $10,000 or imprisoned not more than five years, or both.

If, however, the offense, the commission of which is the object of the conspiracy, is a misdemeanor only, the punishment for such conspiracy shall not exceed the maximum punishment provided for such misdemeanor.

acy, the separate offenses in which they were involved—linked only by the common participation of Bally Company, O'Donnell, and Boasberg—would not have been sufficiently related to permit joinder under Rule 8(b). *Kotteakos v. United States*, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946); *United States v. Gattie*, 5 Cir., 1975, 511 F.2d 608, 611; *United States v. Perez*, 5 Cir., 1973, 489 F.2d 51, 64–67; Moore's Fed. Prac. ¶ 8.06[2]. Thus, on this approach the inclusion of the conspiracy count was the key to appellants' joint trial.

■■ Where an allegation of conspiracy is properly submitted to the jury, the fact that the jury acquits on the conspiracy count and convicts on the substantive counts does not affect the propriety of joinder under Rule 8(b). *Schaffer v. United States*, 362 U.S. 511, 80 S.Ct. 945, 4 L.Ed.2d 921 (1960) (both the majority and dissent supporting this proposition); Moore's Fed.Prac. ¶ 8.06[3]. Appellants challenge the District Court's submission of the conspiracy count to the jury in the instant case, claiming that the prosecution presented no evidence to support it. But *even if* the District Court had dismissed the conspiracy count, the five Justice majority in *Schaffer* has held that this would not have retroactively affected the validity of joinder based on that conspiracy count, absent bad faith by the prosecutor. Though appellants make these allegations of bad faith here, they are totally unsupported by any evidence whatsoever and are frivolous.

But we need not rely on this narrow and often criticized, Moore's Fed.Prac. ¶ 8.06[3], holding in *Schaffer*, because the District Court did *not* dismiss the conspiracy count, and the record shows that there was ample evidence from which the jury could have found a conspiracy among all of Boasberg's customers. An unindicted customer, Pierce, who was among those defendants who pleaded either guilty or nolo contendere before trial, testified that he and four other customers, including both appellants, met at Boasberg's to discuss not interfering with one another's operations and that there was a rotating system of payoffs to the local police by which *all* defendants benefited from police protection. The government, in addition, contends that a conspiracy could be inferred from various correspondence introduced below and from the long course of dealing that Boasberg's customers had with him and Bally Company. Pierce's testimony, however, concerning the noninterference agreement and the cooperative system of police payoffs is enough to support the allegation of conspiracy. The conspiracy count was properly included in the indictment and presented to the jury and therefore the joinder of defendants under Rule 8(b) was not error.

■ In their second claim, appellants assert that the offenses charged in the indictment were duplicitous in that the substantive counts against them were really just mini-conspiracies of the overall conspiracy count. Appellants confuse the conspiracy offense and the entirely separate offense of actually violating § 1952.[5] The essence of the crime of conspiracy is the agreement rather than the commission of the objective substantive crime. Conspiring to commit a crime is an offense separate and distinct from the crime which may be the object of the conspiracy. *Pereira v. United States*, 347 U.S. 1, 74 S.Ct. 358, 98 L.Ed. 435 (1954); *United States v. Rabinowich*, 238 U.S. 78, 35 S.Ct. 682, 59 L.Ed. 1211 (1915); *United States v. Lowry*, 5 Cir., 1972, 456 F.2d 341. The conspiracy does not merge with the substantive offense. *Pinkerton v. United States*, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946); *Johnstone v. United States*, 5 Cir., 1969, 418 F.2d 1094. This is so even if several of the defendants are alleged to have aided and abetted one another in the commission of the substantive offense. The fact that several defendants are charged in the same

**5.** It should be noted that each appellant was also convicted of violating § 1955—which was *not* an object of the conspiracy to violate § 1952—as well as convicted of a substantive violation of § 1952.

count with violating § 1952 or § 1955 plus § 2 does not make that count another allegation of conspiracy. A count alleging a substantive violation against several defendants and also alleging a violation of § 2—aiding and abetting—is not such a conspiracy allegation as to offend any rule against duplicitous charges. There is no merit to appellants' claim that the offenses charged were duplicitous.

Affirmed.