STATE of Missouri, Respondent,

v.

Leo WEBB [Leo Robert Webb, Jr.], Appellant.

Nos. KCD 28276, KCD 28275.

Missouri Court of Appeals, Kansas City District.

Nov. 1, 1976.

Motion for Rehearing and/or Transfer Denied Nov. 29, 1976.

Application to Transfer Denied Jan. 10, 1977.

spectively, charged him with knowingly buying or receiving a stolen "Lincoln Brand Welder" and a "Schwartz Brand Tilt Bed". By stipulation of the parties the cases were consolidated for trial. Defendant was found guilty of both charges by a Jackson County jury and, pursuant to the Second Offender Act, was sentenced by the court to seven years confinement for each offense, said sentences to run consecutively.

Defendant raises two points of error on appeal. First, he contends that the evidence disclosed he was an accessory with respect to the theft of the Lincoln Brand Welder (thus subjecting him to being charged as a principal), and on that premise he invokes the general rule that a thief cannot be convicted of receiving stolen property from himself. Second, he contends the evidence failed to show that he knew the Schwartz Brand Tilt Bed he received was stolen property.

Defendant's first point was not raised as error in his motion for new trial, and, therefore, not properly preserved for appellate review. *State v. Nolan,* 423 S.W.2d 815, 817–18 (Mo.1968); *State v. Johnson,* 408 S.W.2d 24, 25 (Mo.1966); and Rule 27.20(a). Nevertheless, defendant's contention, i. e. that even though he might have been convicted as a principal in the theft he cannot be convicted for receiving the stolen property, will be treated as a challenge to the sufficiency of the evidence to support the guilty verdict returned by the jury with respect to the Lincoln Brand Welder and will be reviewed on that basis. Such is appropriate for "if the evidence is not sufficient to sustain the conviction, plain error affecting a substantial right is involved from which manifest injustice must have resulted." *State v. McClunie,* 438 S.W.2d 267, 268 (Mo.1969), citing Rule 27.20(c). See also: *State v. Potter,* 530 S.W.2d 268, 269 (Mo.App.1975); and *State v. White,* 439 S.W.2d 752, 753 (Mo.1969).

A brief synopsis of the facts germane to defendant's first contention is in order. On January 24, 1975, Marvin Goff told defendant that he needed $157 to pay a debt owed

William E. Shull, Robert G. Duncan, Duncan & Russell, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Douglas G. Mooney, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P. J., and SWOFFORD and SOMERVILLE, JJ.

SOMERVILLE, Judge.

Defendant Leo Robert Webb, Jr. was charged by two separate informations with receiving stolen property under Section 560.270, RSMo 1969. The informations, re-

a bail bondsman. Defendant responded by informing Goff that he would pay Goff $300 for a certain welder which defendant wanted. Defendant specifically told Goff that the welder was located at a certain construction site in Bates City. Goff went immediately to Bates City and drove off with the welder, placed it in defendant's garage and informed defendant that he had delivered the welder as agreed.

On the basis of the facts set out above, defendant concedes that he could have been charged and convicted as a principal, in the stealing of the welder, pursuant to Section 556.170, RSMo 1969, which provides in part that "[e]very person who shall be . . . an accessory to any . . . felony before the fact, shall, upon conviction, be adjudged guilty of the offense in the same degree, and may be charged, tried, convicted and punished in the same manner, as the principal in the first degree." Defendant then augments his concession by arguing that since he could have been charged and convicted as a principal in the theft, he cannot be charged and convicted for having received the property which was the subject of the theft because a principal cannot receive stolen property from himself.

■ The issue raised by defendant is apparently one of first impression in Missouri, yet, in light of ample and compelling authority from other jurisdictions, especially when coupled with strongly suggestive language contained in certain Missouri cases, it is ruled adversely to defendant.

The general rule, "That one cannot at the same time be a principal in the larceny and in the legal sense a receiver of stolen property" was acknowledged in *State v. Honig,* 78 Mo. 249, 252–53 (1883), wherein the court explained that if one "is a principal actor in the theft—the *actual captor* of the property, it is illogical and contradictory to say he has received it from another." (Emphasis added.) Accord: *State v. McAnulty,* 491 S.W.2d 259 (Mo.1973); *State v. Magers,* 452 S.W.2d 198 (Mo.1970); *State v. Goffstein,* 342 Mo. 499, 116 S.W.2d 65 (1938); *State v. Coppersmith,* 231 Mo.App. 711, 105 S.W.2d 991 (1937); and *State v. Willner,* 199 S.W.

126 (Mo.1917). Stated in the obverse, the actual thief cannot receive stolen property from himself. Because the defendant in *State v. Honig,* supra, was present and actively participated in and consummated the theft, the court concluded that he could not, in a legal sense, be a receiver of property which he himself stole.

Defendant does not contend (nor would the evidence support such a contention) that he was present and actively participated in the caption and asportation of the Lincoln Brand Welder. He makes the limited concession and contention that under the state's evidence he aided and abetted in the theft as an accessory before the fact by instigating and directing Goff to steal the welder. An "accessory before the fact", as defined in *State v. Hayes,* Mo., 262 S.W. 1034, 1037 (1924), "is one who is not present, either actively or constructively, at the place of the commission of the crime, but who counseled, procured, or commended it." See also LaFave and Scott, Criminal Law, Sec. 63, at 498 (1972).

■ Defendant, though acknowledging that he was not a principal actor in the theft—an "actual captor of the property"—nevertheless attempts to utilize Section 556.170, supra, in a fashion so as to insulate himself from being charged as a receiver of stolen property. Section 556.170, supra, although permitting an accessory before the fact to be charged and punished as a principal in the first degree, does not enshroud an accessory before the fact with all of the attributes of a principal actor in a larceny, including that of having been an "actual captor" of the stolen property. The rule that the principal actor in a larceny cannot be charged with receiving stolen property rests, as previously pointed out, upon the self-evident premise that the "actual captor" cannot receive stolen property from himself. Thus, the rule apparently came into being for the sole purpose of being applied only to the principal actor who was the "actual captor" of stolen property. The logic underlying the rule disappears when confronted with a situation involving an accessory before the fact who was neither

present nor actively participated in the actual caption and asportation of the stolen property. The bare fact that defendant as an accessory before the fact could have been charged and tried as a principal for stealing the Lincoln Brand Welder under Section 556.170, supra, did not preclude the state from charging and trying him for receiving stolen property as he was not an "actual captor of the property". The following cases from other jurisdictions having statutes comparable to Section 556.170, supra, support and are in accord with this conclusion: *Weisberg v. U. S.,* 49 App.D.C. 28, 258 F. 284, 286 (1919); *People v. Spinuzza,* 99 Colo. 303, 62 P.2d 471, 472 (1936); *State v. Sheeley,* 63 Nev. 88, 162 P.2d 96, 98–99 (1945); and *People v. Rivello,* 39 App. Div. 454, 57 N.Y.S. 420, 421–22 (1899). See: *Aaronson v. U. S.,* 175 F.2d 41, 44 (4th Cir. 1949); *State v. Bundy,* 91 Ariz. 325, 372 P.2d 329, 332 (Banc 1962); *People v. Blumenfeld,* 351 Ill. 87, 183 N.E. 815, 817 (1932); *State v. Rutledge,* 232 S.C. 223, 101 S.E.2d 289, 291–92 (1957); and *State v. Tindall,* 213 S.C. 484, 50 S.E.2d 188, 190 (1948). See generally: Annot. 136 A.L.R. 1087, at 1095–1101 (1942); 66 Am.Jur.2d, Receiving Stolen Property, § 11, at 303; 76 C.J.S. Receiving Stolen Goods § 14, at 20; LaFave and Scott, Criminal Law, § 93, at 689 (1972); and 2 Wharton's Criminal Law and Procedure, § 576, at 298 (1957).

■ Although the state elected to charge and try defendant for receiving stolen property, he could not have been charged and convicted as both a principal for stealing the Lincoln Brand Welder (by reason of being an accessory before the fact) and as a receiver of the stolen Lincoln Brand Welder. The following cases from other jurisdictions support and are in accord with this conclusion: *Milanovich v. U. S.,* 365 U.S. 551, 555, 81 S.Ct. 728, 5 L.Ed.2d 773; *Glass v. U. S.,* 351 F.2d 678, 680–81 (10th Cir. 1965); *People v. Lamirato,* 180 Colo. 250, 504 P.2d 661, 664 (Banc 1972); and *State v. Sheeley,* supra.

■ Appellant charges in his second point that the trial court erred in overruling his motion for judgment of acquittal at the close of all the evidence because no evidence was introduced showing that he *knew* the Schwartz Brand Tilt Bed was stolen property. To accept defendant's argument, this court would have to conclude that the evidence, as a matter' of law, is insufficient to sustain the judgment of conviction. Rule 26.10; and *State v. Colthorp,* 437 S.W.2d 75 (Mo.1969). In ruling upon defendant's second point, the facts in evidence and all favorable inferences reasonably to be drawn therefrom must be considered in the light most favorable to the state and all evidence and inferences to the contrary must be disregarded. *State v. Colthorp,* supra, at 76; and *State v. Thompkins,* 515 S.W.2d 808, 812 (Mo.App.1974).

■ Facts pertinent to defendant's second point may be summarized as follows: On January 20, 1975, Dean Haybrook, president of St. Joseph Ford Tractor, Inc., observed that a company-owned Ford truck equipped with a $1,500.00 Schwartz Brand Tilt Bed was missing from the company's lot. The truck and Schwartz Brand Tilt Bed had last been observed by him on the company's lot on January 18, 1975. Haybrook reported the matter to the St. Joseph, Missouri, Police Department. Defendant on January 24, 1975, directed that a Schwartz Brand Tilt Bed, which was stored in his garage in Kansas City, Missouri, be towed therefrom and delivered to Arrow Truck Sales, Kansas City, Missouri, where, pursuant to the defendant's instructions, the Schwartz Brand Tilt Bed was transferred and welded to a truck owned by defendant. Said Schwartz Brand Tilt Bed, while located at Arrow Truck Sales, was identified by the police as being the property of St. Joseph Ford Tractor, Inc., and was removed by the police to the Kansas City, Missouri, Police Department's tow lot where it was later identified by the president of St. Joseph Ford Tractor, Inc. as being the Schwartz Brand Tilt Bed belonging to St. Joseph Ford Tractor, Inc., which was stolen ten days earlier.

According to the testimony of a Kansas City, Missouri, police officer called as a witness by the state, defendant, after being

arrested and given a "Miranda warning", stated that "he [defendant] would accept all stolen property he could get his hands on because we [the police] couldn't ever prove that it was stolen." Defendant's wife showed the police what purported to be a bill of sale for the Schwartz Brand Tilt Bed dated January 14, 1975. She testified that she had purchased the Schwartz Brand Tilt Bed from a Ray Long in Roosterville, Missouri, as a birthday present for her husband. According to the record, subsequent police investigation, including a trip to Roosterville, failed to locate any one by the name of Ray Long in that area. Some time after the Schwartz Brand Tilt Bed was removed from Arrow Truck Sales to the police tow lot, Melvin Spitcaufsky, vice president of Arrow Truck Sales, purchased the stolen Schwartz Brand Tilt Bed from St. Joseph Ford Tractor, Inc.'s insurance carrier and, on February 26, 1975, resold the Schwartz Brand Tilt Bed to defendant for $1,200.00.

■ It is acknowledged that the ". . State must prove the accused had actual knowledge of the stolen character of the goods at the time he received them and mere possession of the stolen property raises no presumption of such guilty knowledge." *State v. Reo,* 510 S.W.2d 211, 214 (Mo.App.1974). See also cases cited therein. Knowledge of the stolen character of goods may be inferred, however, from the facts and circumstances in evidence. *State v. Miller,* 433 S.W.2d 281, 283 (Mo.1968); and *State v. Ham,* 104 S.W.2d 232, 233 (Mo. 1937). "In ruling the sufficiency of evidence to support a verdict of guilty, even in cases where the evidence is wholly circumstantial, all the substantial testimony tending to support the verdict must be considered as true, and every legitimate inference therefrom favorable to the verdict must be indulged." *State v. Murphy,* 356 Mo. 110, 201 S.W.2d 280, 282 (Banc 1947). See also *State v. Thompson,* 428 S.W.2d 742, 744 (Mo.1968).

The state presented evidence from which the jury could reasonably find that the Schwartz Brand Tilt Bed was stolen and thereafter came into defendant's possession; defendant does not contend otherwise. The state further presented evidence from which the jury could reasonably infer that defendant had knowledge of the stolen character of the Schwartz Brand Tilt Bed. Exemplary evidence from which the jury could reasonably infer defendant's guilty knowledge is as follows: (1) defendant's admission that he would "accept all stolen property he could get his hands on because . . . [the police] couldn't ever prove it was stolen"; (2) evidence introduced by the state tending to refute defendant's wife's claim that she purchased the Schwartz Brand Tilt Bed from a legitimate source as a birthday present for defendant; (3) evidence that the purported purchase of the Schwartz Brand Tilt Bed by defendant's wife on January 14, 1975, was at least four days prior to the time it was last observed on St. Joseph Ford Tractor, Inc.'s lot; and (4) payment by defendant of $1,200.00 to Melvin Spitcaufsky for the Schwartz Brand Tilt Bed, which, according to defendant's wife, defendant already owned. The jury could reasonably infer from evidence in the nature of that disclosed in (2), (3), and (4), supra, that defendant knew the Schwartz Brand Tilt Bed was stolen property when it came into his possession and abortively attempted thereafter, with the aid and assistance of his wife, to obfuscate his guilty knowledge of the stolen character of the property. Coupled with his admitted proclivity to receive and deal in stolen property, it cannot be said as a matter of law that there was insufficient evidence to support a finding by the jury that defendant knew the Schwartz Brand Tilt Bed was stolen property when it came into his possession.

Judgments affirmed.

All concur.