STATE of Missouri, Plaintiff-Respondent,

v.

Robert E. ROSS, Defendant-Appellant.

No. KCD 29138.

Missouri Court of Appeals, Kansas City District.

Feb. 27, 1978.

Clifford A. Cohen, Public Defender, Sixteenth Judicial Circuit, Lee M. Nation, Asst. Public Defender, Kansas City, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Jeff W. Schaeperkoetter, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

DIXON, Judge.

The defendant appeals a jury-imposed sentence of five years for felonious assault with malice.

The sufficiency of the evidence is not questioned, and the record amply supports the following facts.

A 71-year-old man was shot in the back while walking along a public street. He heard two shots, the second of which struck him. The bullet which struck him was removed from his back. Police officers, responding to the shooting report, canvassed the neighborhood and, upon the statement of a witness as to the direction the shots came from, observed a broken window in the attic of a residence. They went to the house and were met by the defendant and another person and made a cursory search of the premises. Thereafter, the owner of the residence signed a consent to search and, upon subsequent search, the officers recovered shell casings and a rifle with a telescope. The companion of the defendant testified to admissions by the defendant that he fired the shots. The bullet recovered from the victim was identified as having been fired from the rifle found. When the police found the gun, it had been hidden behind some plasterboard.

The defendant raises two grounds of error. First, that the court erred in failing to strike the jury panel because of the exclusion of women from the jury, and, second, that the trial court improperly limited the defendant's voir dire examination of the jury panel.

As to the first point raised, the constitutionality of the Missouri statute, § 494.031(2) RSMo Supp.1975, and Mo. Const. art. I, § 22(b), are a part of a facially valid jury selection system and that system does not deny a defendant's right to due process of law under the Fourteenth Amendment as that principle embodies fulfillment of the Sixth Amendment's guarantee of an impartial jury in criminal cases. *State v. Duren*, 556 S.W.2d 11 (Mo. banc 1977). In any event, the defendant failed to raise the point in the motion for new trial and, having failed to do so, has not properly preserved it for appellate review. *State v. Webb*, 544 S.W.2d 53 (Mo.App. 1976). Rule 27.20(a). When constitutional error is claimed, it must be preserved at the earliest opportunity and asserted throughout the case. *State v. Meiers*, 412 S.W.2d 478 (Mo.1967). Absent *Duren*, the issue of sua sponte review might arise; but even if the issue were still open and so reviewed, this record establishes the defendant's guilt by overwhelming evidence, and no manifest injustice or miscarriage of justice could have resulted.

As to the second ground of error, the specific inquiry which the defendant claims the trial court improperly denied him

the right to make was a general question addressed to all jurors as to whether or not they had any friends or relatives who had served on a grand jury. First, it should be noted that this case was prosecuted under an information and that immediately preceding the inquiry concerning the service of friends or relatives upon a grand jury, the defendant had been permitted to inquire of the jurors whether they had served on grand juries. To those who responded affirmatively, additional questions were put as to whether the grand jury was federal or state and the period of such service. It is within the discretion of the trial court to control voir dire examination and only when the record shows an abuse of discretion will reversal occur. *State v. Mudgett*, 531 S.W.2d 275 (Mo. banc 1975), *cert. denied*, 426 U.S. 910, 96 S.Ct. 2234, 48 L.Ed.2d 835 (1976). Additionally, the abuse of discretion must be accompanied by a real probability of injury to the complaining party. *State v. Scott*, 515 S.W.2d 524 (Mo.1974). The inquiry as to whether friends or relatives served on a grand jury is argued by the defendant as being directed to the possible bias of the jury. The question of service by friends or relatives on a grand jury is so remote and collateral to the issue of bias or prejudice of the jury that the trial court properly denied the defendant the right to pursue that inquiry. The defendant makes absolutely no attempt to show that the denial of his proposed inquiry resulted in any injuries to or limitation upon the defendant's right to a fair and impartial jury. The cases cited in support by the defendant are inapposite because they are cases involving questions concerning the attitude of the jurors themselves.

Judgment and conviction are affirmed.

All concur.