NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2364
_____

UNITED STATES OF AMERICA

v.

JAMAAL MARAGH,

Appellant
_____

On Appeal from the District Court
of the Virgin Islands – Appellate Division
Division of St. Croix
(D.C. No. 1-07-cr-00042-005)
District Judge:  Honorable Anne E. Thompson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 5, 2011

Before:  FISHER, GREENAWAY, JR. and ROTH, *Circuit Judges*.

(Filed: January 4, 2012)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Jamaal Maragh ("Maragh") appeals from the District Court's order granting in

part and denying in part his motion to dismiss the 2007 indictment.  For the reasons

stated below, we will affirm the District Court's order.

I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

On May 5, 2005, a grand jury in the District of the Virgin Islands indicted Maragh, along with fifteen co-defendants, for conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956 (Count 1). Two co-defendants were also charged with conspiracy to commit drug trafficking, in violation of 21 U.S.C. § 846 (Count 2). No substantive offenses were charged in the 2005 indictment. Because the jury was deadlocked after the trial, the District Court held an in-chambers conference and declared a mistrial. The defendants, including Maragh, filed motions to dismiss the 2005 indictment on double jeopardy grounds, arguing that they never consented to the mistrial. After holding an evidentiary hearing, the District Court granted Maragh's motion to dismiss.

In 2007, another grand jury indicted Maragh for both conspiracy to commit money laundering and the substantive charge of money laundering. Two co-defendants filed motions to dismiss the 2007 indictment, which Maragh joined. The District Court dismissed the charges against Maragh but did not specify in its order whether it was dismissing only the conspiracy charge or both the conspiracy charge and the substantive money laundering charge. The Government requested clarification of the District Court's order. On April 26, 2010, the District Court clarified that it was dismissing the conspiracy charge but that double jeopardy did not bar the Government from prosecuting

Maragh for the substantive offense charged in the 2007 indictment. Maragh filed a timely appeal.

## II.

The District Court had jurisdiction under 48 U.S.C. § 1612. We have appellate jurisdiction under 28 U.S.C. § 1291 because we are reviewing the denial of a motion to dismiss based on double jeopardy grounds, which falls under the collateral order exception to the final decision rule. *Abney v. United States*, 431 U.S. 651, 662 (1977).

## III.

The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. Double jeopardy applies when it is "shown that the two offenses charged are in law and fact the same offense." *United States v. Felton*, 753 F.2d 276, 278 (3d Cir. 1985) (citation omitted).

The District Court did not err in declining to dismiss the substantive money laundering charge in Maragh's 2007 indictment. To determine whether double jeopardy bars successive prosecutions, we apply the same-elements test, which examines whether each offense contains an element not contained in the other. *United States v. Dixon*, 509 U.S. 688, 696 (1993) (citations omitted). Here, the conspiracy charge and the substantive offense charge satisfy the same-elements test because each requires at least one element not required by the other. The substantive money laundering charge requires that the defendant succeed in committing the offense, but this is not required with the conspiracy charge, which is an inchoate offense. *See Iannelli v. United States*, 420 U.S. 770, 777

3

(1975). The conspiracy charge, on the other hand, requires that multiple persons agree to commit the crime in concert, which is not required by the substantive charge of money laundering. *See United States v. Threadgill*, 172 F.3d 357, 370 (5th Cir. 1999) (citing *United States v. Nims*, 524 F.2d 123, 126 (5th Cir. 1975)). Because Maragh's 2005 conspiracy charge and his 2007 substantive money laundering charge satisfy the same-elements test, the District Court did not err in declining to dismiss the substantive money laundering charge in the 2007 indictment.[1]

The District Court also did not err by declining to hold an evidentiary hearing prior to ruling that its order of dismissal only applied to the conspiracy charge. A defendant is entitled to an evidentiary hearing on his double jeopardy claim if he makes a non-frivolous showing of double jeopardy. *United States v. Liotard*, 817 F.2d 1074, 1077 (3d Cir. 1987) (citation omitted). "Once the defendant has made out his prima facie case, the burden of persuasion shifts to the government to prove by a preponderance of the evidence that the two indictments charge the defendant with legally separate crimes." *Id.* (citation omitted).

But the Supreme Court has long identified conspiracies and their related substantive charges as separate offenses for double jeopardy purposes. *See United States*

---

[1] We reject Maragh's argument that we should apply the totality of circumstances test to determine whether double jeopardy attaches to defendants charged with conspiracy. *United States v. Liotard*, 817 F.2d 1074, 1078 (3d Cir. 1987). The totality of the circumstances test only governs cases involving prosecution for a conspiracy charge, followed by a subsequent prosecution for another conspiracy charge. *Id.* Here, the District Court dismissed Maragh's subsequent conspiracy charge in the 2007 indictment, so the totality of the circumstances test is inapplicable to the remaining substantive money laundering charge.

*v. Felix*, 503 U.S. 378, 390-91 (1992). Thus, Maragh failed to make a non-frivolous showing that double jeopardy bars prosecution of the substantive offense in the 2007 indictment when the prior mistrial only pertained to the 2005 conspiracy charge. Accordingly, the District Court was not obligated to grant an evidentiary hearing.

IV.

For the foregoing reasons, we will affirm the order of the District Court.