Donald Allyn McCULLOUGH, Appellant,

v.

UNITED STATES of America, Appellee.

No. 21125.

United States Court of Appeals Ninth Circuit.

Nov. 8, 1968.

Gerald Romanik, Los Angeles, Cal., for appellant.

Michael Heuer, Asst. U. S. Atty. (appeared), Wm. M. Byrne, U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES and HAMLEY, Circuit Judges, and McNICHOLS,* District Judge.

BARNES, Circuit Judge:

Appellant was charged with four co-defendants in a three count indictment of theft of governmental property; the receipt and concealment of the same, and the illegal sale of such property. Convicted on all three counts by a jury, he urges as error on this appeal: (1) the conviction is invalid because based on the uncorroborated testimony of accomplices; (2) the insufficiency of the evidence to show the materials stolen were

---

* Hon. RAY McNICHOLS, District Judge, United States District Court, Boise, Idaho, sitting by designation.

property of the United States having a value in excess of $100; (3) the defendant should not have been convicted of two crimes, i. e. stealing and receiving the same goods.

## I

■ We have repeatedly refused to change our long held rule that the federal courts, unlike some state courts, do not require the corroboration of an accomplice's testimony implicating a defendant. White v. United States, 315 F.2d 113, 115 (9th Cir. 1963), and cases cited therein.

■ Were we disposed to change this principle and require corroboration from a non-accomplice to convict, we could not do so here. The participation of McCullough in the sale of the platinum, and the receipt of $1,574 and $2,589.20 by him as the purchase price of some of the stolen material (Gov. Ex. 10) were testified to by Howard Martin, a non-accomplice.

## II

■ The Government faced some difficulty in establishing that the platinum and iridium crucibles stolen were the ones McCullough sold. The very nature of the precious metals; the resemblance between those stolen and those sold, and more particularly (a) the individual "patchwork" done on one of the crucibles by one of the workers in the Korad Corporation plant, and the identical "patchwork" in the crucibles sold, and (b) the description of the special crucible built by Allen Jones Electronics Corp. (Ex. 8) for Korad, presented substantial questions of fact for the jury's determination. The jury's findings on these questions are supported by substantial evidence and therefore are binding in this court.

The internal accounting system is attacked by the appellant. The inventory cards and the checking of inventory based thereon were all before the jury. The objections go to the weight that should be attached to such a system, not to its

admissibility. The system used conformed to the standards set by the Armed Services Procurement Regulations (R.T. 445–6).

[5] There was testimony that the contracts under which Korad Corporation worked for the Government all provided that title to "property furnished by the Government shall remain in the Government." The metals stolen were supplied to Korad by the Government. Thus, title in the Government seems clearly proved. United States v. Echevarria, 262 F. Supp. 373 (D.P.R.1967). The selling price of the platinum and iridium was over $12,500. McCullough told his associates that the expected $6,000 to $8,-000 burglary turned out to be a $57,000 burglary. (R.T. 294)

This seems sufficient proof to enable the jury to find the theft was of a value over $100.

## III

■ Counts II and III of the indictment charge under 18 U.S.C. § 641 the stealing and receiving of the same government property. Milanovich v. United States, 365 U.S. 551, 81 S.Ct. 728, 5 L.Ed.2d 773 (1961) teaches us that in construing 18 U.S.C. § 641 the trial judge must instruct the jury "that the jury could convict of either larceny or receiving, but not of both." Id. at 555, 81 S.Ct. at 730.

The Government urges that this issue was waived by the appellant when his counsel failed to object to the lack of such an instruction; nor did he object to both counts going to the jury. There was such objection, and there was such a request, in Milanovich, id. at 552–553, 81 S.Ct. at 729, particularly notes 2 and 3.

■■ While we need not consider on an appeal legal points not raised below, we must keep in mind our duty to recognize plain error (Fed.R.Crim.P. 52 (b)). We need not do so in this case, however, for the appellant here received the same sentence on Counts I and II, and was ordered to serve them concur-

rently, unlike the appellant wife in *Milanovich*, supra. A reversal of one count here would in no way affect the sentence on the other count.

Affirmed.