**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Charles Patrick O'NEIL, Defendant-Appellant.**

**No. 25420.**

United States Court of Appeals, Ninth Circuit.

Dec. 15, 1970.

---

* Senior United States District Judge for the Southern District of New York, sitting by designation.

Ralph J. Steinberg (argued), San Jose, Cal., for appellant.

George Rayborn (argued), Asst. U. S. Atty., Robert L. Meyer, U. S. Atty., Los Angeles, Cal., for appellee.

Before BROWNING, WRIGHT and KILKENNY, Circuit Judges.

PER CURIAM:

Appellant Charles Patrick O'Neil was convicted under a two count indictment charging that he aided and abetted the robbery of money and property of the United States from a federal Customs employee by use of a dangerous weapon in violation of 18 U.S.C. § 2114,[1] and that he received and retained part of the proceeds of the robbery in violation of 18 U.S.C. § 641.[2] He was sentenced to twenty-five years for the theft and three years for the receipt of the stolen property, the sentences to run concurrently.

 Appellant contends that he is entitled to a new trial because the court failed to instruct the jury that he could not be convicted of both robbery and receipt and retention of the proceeds of the robbery.[3]

 Section 641 is the general penal prohibition against theft of government

---

1. 18 U.S.C. § 2114 reads:

 "Whoever assaults any person having lawful charge, control, or custody of any mail matter or of any money or other property of the United States, with intent to rob, steal, or purloin such mail matter, money, or other property of the United States, or robs any such person of mail matter, or of any money, or other property of the United States, shall, for the first offense, be imprisoned not more than ten years; and if in effecting or attempting to effect such robbery he wounds the person having custody of such mail, money, or other property of the United States, or puts his life in jeopardy by the use of a dangerous weapon, or for a subsequent offense, shall be imprisoned twenty-five years."

2. 18 U.S.C. § 641 reads:

 "Whoever embezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority, sells, conveys or disposes of any record, voucher, money, or thing of value of the United States or of any department or agency thereof, or any property made or being made under contract for the United States or any department or agency thereof; or

 Whoever receives, conceals, or retains the same with intent to convert it to his use or gain, knowing it to have been embezzled, stolen, purloined or converted—

 Shall be fined not more than $10,000 or imprisoned not more than ten years, or both; but if the value of such property does not exceed the sum of $100, he shall be fined not more than $1,000 or imprisoned not more than one year, or both.

 The word 'value' means face, par, or market value, or cost price, either wholesale or retail, whichever is greater."

3. O'Neil also contends that certain currency introduced against him at trial was the product of an illegal arrest. That contention is without merit.

property. It includes an express provision for punishment of receipt of the stolen government property. In Milanovich v. United States, 365 U.S. 551, 554, 81 S.Ct. 728, 729, 5 L.Ed.2d 773 (1961), the Supreme Court held that a person could not be convicted of both theft and receipt of the same government property under section 641 because in adding the prohibition against receipt to the earlier prohibition against theft, " 'Congress was trying to reach a new group of wrongdoers, not to multiply the offense of the * * * robbers themselves.' " [4]

In this case the theft was not charged under section 641 but rather under section 2114, a special statute applicable only to theft of government property from the person of the lawful custodian of such property. Section 2114, however, has no provision punishing receipt of the stolen property. See note 1. Of necessity, therefore, the receiving charge was lodged under section 641.

But, as we have seen, Congress adopted the receiving prohibition of section 641 to punish a new group of wrongdoers—those who received the stolen government property—and *not* to increase the punishment of the thieves themselves. *Milanovich, supra.* It would be a remarkable feat of statutory construction indeed to hold that these very words in this same statute have exactly the opposite meaning when applied to thieves charged under section 2114. At the very least, such an interpretation would require some evidence to support it, and the government has offered none.

We conclude that, under *Milanovich,* the jury should have been instructed that O'Neil could be convicted of robbery or receiving but not of both. Failure to so instruct was plain error affecting O'Neil's substantial rights. Fed.R. Crim.P. 52(b). *See* Thomas v. United States, 418 F.2d 567, 568 (5th Cir. 1969); Baker v. United States, 357 F.2d 11, 12–13 (5th Cir. 1966); United States v. Roach, 321 F.2d 1, 6 (3d Cir. 1963).[5] The proper remedy is a new trial. *See* Keating v. United States, 413 F.2d 1028, 1029 (9th Cir. 1969); Jenkins v. United States, 361 F.2d 615, 617–618 (10th Cir. 1966); Glass v. United States, 351 F.2d 678, 680–681 (10th Cir. 1965).

Reversed and remanded.

[4] *See also* Heflin v. United States, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959); Keating v. United States, 413 F.2d 1028 (9th Cir. 1969).

[5] The holding in McCullough v. United States, 403 F.2d 1013, 1015–1016 (9th Cir. 1968), is not inconsistent with our disposition here. In *McCullough,* the defendant was convicted of the theft, receipt, and sale of government property. He was sentenced to two years on each count, the sentences to run concurrently. The court refused to hold the absence of the required instruction plain error because reversal on the theft and receiving counts would not affect the valid conviction on the sale count. O'Neil, in contrast, is in the same position as the defendant in *Milanovich.*