**Carl Harold McFARLAND, Petitioner-Appellant,**

v.

**G. W. PICKETT, Warden United States Penitentiary, Marion, Illinois, Respondent-Appellee.**

**No. 72–1421.**

United States Court of Appeals, Seventh Circuit.

Argued Oct. 19, 1972.

Decided Nov. 22, 1972.

Carl Harold McFarland, pro se.

Stanley B. Miller, U. S. Atty., William F. Thompson, Asst. U. S. Atty., Indianapolis, Ind., for respondent-appellee.

Before STEVENS and SPRECHER, Circuit Judges, and GORDON, District Judge.*

PER CURIAM.

Petitioner pleaded guilty to three counts of an information. Count II charged him with engaging in the business of dealing in firearms without a license in violation of 18 U.S.C. § 922 (a)(1), and Counts III and IV charged him with concealing and storing stolen firearms moving in interstate commerce in violation of 18 U.S.C. § 922(j). Each of the latter two counts involved the concealment of a separate weapon. McFarland was sentenced to a maximum term of fifteen years on September 29, 1969. On January 20, 1970, petitioner's sentence was modified and he received a total of ten years, composed of five years on Count II, three years on Count III, and two years on Count IV. Petitioner then filed a motion to vacate sentence under 28 U.S.C. § 2255, alleging that the consecutive sentences imposed under Counts III and IV of the information were impermissible. The district court dismissed the motion and petitioner has appealed.

■ 18 U.S.C. § 922(j) makes it unlawful "for any person to receive, conceal, store, barter, sell, or dispose of any stolen firearm or stolen ammunition, . . . which is a part of . . . interstate or foreign commerce, knowing or having reasonable cause to believe that the firearm or ammunition was stolen." Petitioner argues that under Bell v. United States, 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905 (1955), he could not receive multiple punishment for what was in effect only one offense. We agree.

*Bell* involved the validity of separate sentences imposed upon a plea of guilty to two counts charging the petitioner with violations of the Mann Act, 18 U.S.C. § 2421, the relevant portions of which state:

"Whoever knowingly transports in interstate or foreign commerce . . any woman or girl for the purpose of prostitution or debauchery, or for any other immoral purpose . . . .

"Shall be fined not more than $5,000 or imprisoned not more than five years, or both."

Bell's argument was that since he transported two women in the same vehicle on the same trip he could be convicted of only one offense. The Supreme Court agreed, stating that in the absence of an express Congressional intent to "fix the punishment for a federal offense clearly and without ambiguity, doubt will be resolved against turning a single transaction into multiple offenses . . ." *Id.* at 84, 75 S.Ct. at 622.

*Bell* was followed in United States v. Carty, 447 F.2d 964 (5th Cir. 1971), a case involving the legality of consecutive sentences for violation of 18 U.S.C. § 922(i), which makes illegal the interstate transportation of stolen firearms.

* District Judge Myron L. Gordon of the Eastern District of Wisconsin is sitting by designation.

The defendant was found guilty under three counts, attributable to three separate weapons taken across a state line in a single trip. The Fifth Circuit found *Bell* controlling and held that the defendant could not be given a maximum sentence for all three counts which exceeded the penalty prescribed for a single violation.

The government would have us distinguish *Carty* and *Bell* on the ground that they involved interstate transportation rather than possession. No basis for the distinction is offered, however, and we are unable to see a distinguishing factor.

The government also argues that this case is controlled by Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Blockburger was convicted on three counts, each of which charged a sale of morphine to the same purchaser. The Supreme Court held that under the Acts in question, 26 U.S.C. § 692 and § 696,[1] each of several successive sales constituted a distinct offense. The evidence in that case clearly showed that each of the sales, and thus the offense, was distinct and separate.

■ In this case there is no evidence to show whether the two firearms were stored at the same or different locations or whether they were acquired at the same or different times. The government argues that evidence which might have shown that separate offenses were committed could have been adduced at trial and that petitioner therefore waived his right to contest the validity of separate convictions by his plea of guilty.

Reliance is placed on cases such as United States v. Hetherington, 279 F.2d 792, 796 (7th Cir.), cert. denied, 364 U.S. 908, 81 S.Ct. 271, 5 L.Ed.2d 224 (1960), and the general rule that a plea of guilty constitutes an admission of all essential allegations, thus relieving the government of the burden of adducing proof. There is no indication, however, that proof of all allegations in the government information would have required proof that two weapons were acquired at different times and concealed in different locations.[2] The government attempted to distinguish the two counts solely on the ground that there were two separate weapons. Proof that they were would simply be proof of one offense under the holdings of *Bell* and *Carty*. Defendant's plea of guilty to possession of the stolen firearms could not, therefore, constitute an admission of guilt of two offenses when only one was alleged to have occurred.

■ Petitioner received a sentence of three years on Count III and two years on Count IV. He could have been given a sentence of five years in prison for a single offense under 18 U.S.C. § 924(a), and the total penalty was thus within the maximum range permitted by law. It is possible, however, that the trial judge was influenced in his sentence by his belief that two offenses rather than one had been committed. The case will therefore be remanded with directions to the district court to resentence the defendant.

Reversed and remanded.

---

1. 26 U.S.C. § 692 makes it unlawful to sell certain narcotics "except in the original stamped package." 26 U.S.C. § 696 prohibits the sale of drugs without a written order. *Blockburger's conviction* rested on two counts under § 692 for separate sales, and one count under § 696, also for a separate sale.

In addition to the argument discussed in the text, the government appears to also be attempting to place this case within that part of the *Blockburger* holding which allows a single act to be punishable under two statutes if one statute requires proof of an element which is not required by the other. The government's argument on this point ignores the fact that only one statute is involved in this case.

2. The information to which petitioner pleaded guilty is not included in the record on appeal.