UNITED STATES of America,
Plaintiff-Appellee,

v.

David SEALS, Defendant-Appellant.

No. 76-1457.

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 21, 1976.

Decided Nov. 19, 1976.

Thomas A. Lockyear, Chicago, Ill., for defendant-appellant.

Samuel K. Skinner, U.S. Atty., Jeffrey J. Kent, Asst. U.S. Atty., Chicago, Ill., for plaintiff-appellee.

Before CLARK, Associate Justice,* and SPRECHER and TONE, Circuit Judges.

SPRECHER, Circuit Judge.

The principal question in this appeal is whether an offender may be convicted of both robbing a mail employee under 18 U.S.C. § 2114 and of possessing the same stolen mail shortly thereafter under § 1708.

I

The defendant was charged by an information with two counts, one charging violation of 18 U.S.C. § 2114 and the second charging violation of 18 U.S.C. § 1708, but both relating to the same "four bundles of United States mail containing approximately three hundred and thirteen (313) pieces of mixed-class United States mail" and both dealing with offenses pertaining to that mail on January 2, 1976. Section 2114, provides that "[w]hoever assaults any person having lawful charge, control, or custody of any mail matter . . ., with intent to rob, steal or purloin such mail matter . . . or robs any such person of mail matter . . . shall, for the first offense, be imprisoned not more than ten years . . .."[1] Section 1708 provides

---

* Honorable Tom C. Clark, Associate Justice (Retired), United States Supreme Court, is sitting by designation.

1. Section 2114 continues: "[I]f in effecting or attempting to effect such robbery he wounds

the person having custody of such mail . . . or puts his life in jeopardy by the use of a dangerous weapon, or for a subsequent offense, shall be imprisoned twenty-five years."

in the part pertinent to the indictment that "[w]hoever . . . unlawfully has in his possession, any letter, postal card, package, bag, or mail, or any article or thing contained therein, which has been . . . stolen, taken, embezzled, or abstracted . . ., knowing the same to have been stolen, taken, embezzled, or abstracted . . . [s]hall be fined not more than $2,000 or imprisoned not more than five years, or both."

The defendant and his attorney and the United States Attorney signed and filed with the district court a plea agreement which provided that the defendant would plead guilty to Counts I and II, that the United States and defendant agreed that a sentence of five years on each count to run consecutively "is the appropriate disposition of the case," and that the United States would recommend that the defendant not be sentenced under the Federal Youth Corrections Act, 18 U.S.C. § 5005 *et seq.*

A plea of guilty to both counts was accepted by the court. At the hearing prior to sentencing, the government prosecutor stated that the defendant had committed an armed robbery of a postal carrier, had threatened the life of the carrier on two occasions while pointing a loaded automatic weapon at the carrier, and that the statute provided a mandatory sentence of twenty-five years for such a crime.[2] The prosecutor then stated the provisions of the plea agreement which specified a sentence of five years on each of the two counts to be served consecutively.

The district court sentenced the defendant to five years on Count I and to two years on Count II, to run consecutively. Upon appeal the defendant presents a single issue: whether defendant's conviction and consecutive sentencing for stealing and possessing the same bundles of mail is an impermissible pyramiding of punishment

and hence invalid, thus requiring the setting aside of defendant's conviction and sentence for possession of the stolen mail only? No issue is raised by the defendant as to the conviction and sentence of five years for the stealing of the mail. The government has argued, however, that if part of the plea bargain is repudiated by the defendant and acquiesced in by this court, then the entire plea bargain, guilty plea and the sentences and convictions on both counts should be vacated and the cause remanded for trial.

## II

In *Heflin v. United States,* 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959), the 28 U.S.C. § 2255 petitioner was convicted of receiving, possessing, concealing, storing or disposing of stolen money in violation of 18 U.S.C. § 2113(c) and of taking property by force and violence in violation of § 2113(d), both sections being part of the Federal Bank Robbery Act. Petitioner received consecutive sentences for the two offenses. In reversing the conviction for the receiving and possessing offense, the Supreme Court relied upon the legislative history of the Bank Robbery Act and particularly of the receiving and possessing provision which came into the law later in 1940, and said:

> We find no purpose of Congress to pyramid penalties for lesser offenses following the robbery. It may be true that in logic those who divide up the loot following a robbery receive from robbers and thus multiply the offense. But in view of the legislative history of subsection (c) we think Congress was trying to reach a new group of wrongdoers, not to multiply the offense of the bank robbers themselves.

358 U.S. at 419–20, 79 S.Ct. at 454.

A few years later in *Milanovich v. United States,* 365 U.S. 551, 81 S.Ct. 728, 5 L.Ed.2d

---

2. The defendant was originally charged in a two-count indictment, the first count charging armed robbery of mail from a postal carrier in violation of 18 U.S.C. § 2114, which offense carries the 25-year mandatory sentence. As part of the plea bargain, the indictment was

dismissed and the information charging the lesser crime under § 2114, with a ten-year maximum sentence, was substituted for the indictment.

773 (1961), a woman had been convicted of stealing money from a naval commissary and also of receiving and concealing the stolen currency, for which she received ten-year and five-year concurrent terms. Both offenses were charged under 18 U.S.C. § 641. In holding that the defendant could not be charged with receiving the same money she had stolen, the Supreme Court relied, not upon affirmative legislative history proscribing the use of both offenses against a single wrongdoer, but upon negative legislative history failing to permit a single offender to be convicted of both offenses. The Court said:

> We find nothing in the language or history of the present statute which leads to a different conclusion [from that in *Heflin* ] here. As in *Heflin,* the provision of the statute which makes receiving an offense came into the law later than the provision relating to robbery.

365 U.S. at 554, 81 S.Ct. at 730.

*Milanovich,* was decided by a 5 to 4 court and Mr. Justice Frankfurter, writing for the dissenters, expressed the basis for the dissent:

> It is hornbook law that a thief cannot be charged with committing two offenses—that is, stealing and receiving the goods he has stolen. . . .
>
> \*        \*        \*        \*        \*        \*
>
> The case before us presents a totally different situation—not a coincidental or even a contemporaneous transaction, in the loosest conception of contemporaneity. . . . The intervening seventeen days between defendant's accessorial share in the theft and her conduct as a recipient [created two separated offenses] . . . ..

365 U.S. at 558–59, 81 S.Ct. at 732.

In *United States v. Gaddis,* 424 U.S. 544, 96 S.Ct. 1023, 47 L.Ed.2d 222 (1976), the defendants were convicted of robbing a bank under 18 U.S.C. §§ 2113(a) and (d) and with possessing funds stolen in the robbery in violation of § 2113(c). The Court reaffirmed *Heflin,* stating:

> The Court of Appeals was correct in holding that a person convicted of robbing a bank in violation of 18 U.S.C. §§ 2113(a), (b), and (d), cannot also be convicted of receiving or possessing the proceeds of that robbery in violation of 18 U.S.C. § 2113(c). This much was clearly settled in the *Heflin* case.

424 U.S. at 547, 96 S.Ct. at 1026.

Mr. Justice White, concurring in *Gaddis* noted:

> However, since this Court's decision in *Milanovich* . . ., district judges should have been instructing juries not to consider possession counts, if they convict of robbery.

424 U.S. at 552, *note,* 96 S.Ct. at 1028.

In this case, the information charged that the robbery and possession were contemporaneous, both having occurred on January 2, 1976. During the pre-sentence hearing defendant's counsel represented to the court without objection by the government that the robbery occurred at 11:00 a.m. in the morning and that the arrest resulting in the possession count occurred ten minutes later at 11:10 a.m. Therefore, we are not confronted with the seventeen-day interval between the two offenses which troubled the four dissenters in *Milanovich.*

Furthermore, there is no problem as to the relative time when the two offenses became the law in satisfaction of the *Heflin* and *Milanovich* references to the possession offense having been created by Congress later than the robbery offense. Section 2114, the robbery offense, was first enacted in 1810. Act of April 30, 1810, ch. 37, 2 Stat. 598; *see Costner v. United States,* 139 F.2d 429, 432–33 (4th Cir. 1943). The theft provision of § 1708 appears in the Revised Statutes of 1878, Rev.Stat. § 5469, without the possession provision, which appears in 1909 (Mar. 4, 1909, ch. 321, § 194).

The government would distinguish *Heflin, Milanovich* and *Gaddis* on the ground that "a single statutory section was involved, which section included violations for both robbery or theft and for possession

'whereas' [b]y contrast two statutory sections are involved in the instant case."[3]

In *United States v. O'Neil*, 436 F.2d 571 (9th Cir. 1970), the defendant was convicted of aiding and abetting the robbery of money of the United States by use of a dangerous weapon in violation of § 2114 and of receiving part of the proceeds in violation of § 641. The Court of Appeals, after citing *Milanovich*, which involved two violations of separate paragraphs of § 641, said:

> It would be a remarkable feat of statutory construction indeed to hold that these very words in this same statute have exactly the opposite meaning when applied to thieves charged under section 2114. At the very least, such an interpretation would require some evidence to support it, and the government has offered none.
>
> We conclude that, under *Milanovich*, the jury should have been instructed that O'Neil could be convicted of robbery or receiving but not of both.

436 F.2d at 573.

The government would distinguish *O'Neil* on the basis that "the possession provision of Section 641 was designed to punish a new class of wrongdoers other than the thieves," relying on *Milanovich*, whereas § 1708 has not yet been so interpreted.

As we have noted above, *Milanovich* did not find the same affirmative legislative history which supported the result in *Heflin* but merely found "nothing in the language or history of the present statute [§ 641] which leads to a different conclusion" than in *Heflin*. In interpreting § 2114, we assume that the Ninth Circuit in *O'Neil*, when requiring some "evidence" from the government, meant some legislative history permitting the trying of one offender for the two offenses. In both *Milanovich* and *O'Neil*, the legislative history can be assumed to have been silent on the question as applied to § 641 and § 2114. Only in

regard to § 2113 was the legislative history affirmative in preventing two convictions for one offense, as demonstrated in *Heflin*.

Here in regard to § 1708, we are advised by both parties that the legislative history is silent upon this issue and our own examination supports that conclusion. Thus *Heflin, Milanovich, Gaddis* and *O'Neil* lead us to conclude that the rationale of those cases must be applied here to prevent the attempt to impose cumulative convictions and sentences under § 2114 and § 1708.

### III

The government contends, however, that by signing the plea agreement, by agreeing to be sentenced for five years on each count, to run consecutively, and by pleading guilty and receiving only two years on the possession count, the defendant waived whatever right he might have had not to be sentenced for both robbery and possession.

In *McFarland v. Pickett*, 469 F.2d 1277 (7th Cir. 1972), we had occasion to find that the contemporaneous possession of two firearms constituted a single offense rather than two offenses under 18 U.S.C. § 922(j). In that case the § 2255 petitioner had also pleaded guilty and the government raised a similar waiver question. We said there that a plea of guilty to both counts could not constitute an admission of guilt to two offenses when only one offense actually occurred. We consider *McFarland* dispositive of the present contention.

However, because the defendant has in fact repudiated the plea agreement, we must avoid encouraging "gamesmanship of a most offensive nature" by allowing him to benefit from the same agreement. *United States v. McMann*, 436 F.2d 103, 106 (2d Cir. 1970). We therefore vacate the conviction and sentence on Count II, charging the violation of 18 U.S.C. § 1708, but we also remand the cause to the district judge to

---

**3.** The government would also find two offenses in the fact that "[t]he clear legislative purpose of Section 2114 was the protection of the postal employee" and that of Section 1708 "was the protection of the mail itself." We find this distinction too tenuous to override the strong policy manifested by *Heflin* and *Milanovich* not to convict upon two offenses when the robber is found in possession of the same goods he has stolen.

determine in his own discretion whether to vacate the sentence on Count I for resentence on that Count, or to vacate the guilty plea and the plea agreement, and to proceed to trial on Count I.

VACATED AND REMANDED.