**UNITED STATES of America, Plaintiff-Appellee,**

v.

**William LANGDON–BEY, Defendant-Appellant.**

No. 83–2261.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 6, 1984.

Decided July 31, 1984.

David A. Handzo, Jenner & Block, Chicago, Ill., for defendant-appellant.

Andrea L. Davis, Asst. U.S. Atty., Dan K. Webb, U.S. Atty., Chicago, Ill., for plaintiff-appellee.

Before PELL and ESCHBACH, Circuit Judges, and BARTELS, Senior District Judge.[*]

ESCHBACH, Circuit Judge.

The question in this appeal is whether a defendant may be convicted and sentenced under 18 U.S.C. § 641 and 18 U.S.C. § 1708 for the possession of the same eleven United States Treasury checks stolen from the mails. Finding no error, we affirm the judgments of conviction.

### I.

The defendant-appellant, William Langdon-Bey, was charged in a six-count indictment with theft from the mails, 18 U.S.C. § 1708, possession of stolen mail, 18 U.S.C. § 1708, receiving and concealing government property with the intent to convert it, 18 U.S.C. § 641, and conspiracy to commit these crimes, 18 U.S.C. § 371. Count Five, one of two possession counts brought under § 1708, charged the unlawful possession of eleven United States Treasury

[*] The Honorable John R. Bartels, Senior District Judge for the Eastern District of New York, sitting by designation.

checks which had been stolen from the mails. The same checks were the subject of Count Six, which charged the defendant with receiving and concealing government property under § 641. After a jury trial, the defendant was acquitted on the theft charges, but convicted on the remaining charges. He was sentenced to five years imprisonment on Count Six, and five years probation on Count Five.[1]

## II.

■ It is beyond question that a single act may properly render an accused criminally liable and subject to punishment under more than one statute if that is Congress's intent. The principal test that courts have used to discern that intent was enunciated more than fifty years ago in *Blockburger v. United States*, 284 U.S. 299, 304–05, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932): Does each offense require proof of an element which the other does not? *See also Ohio v. Johnson*, —— U.S. ——–——, 104 S.Ct. 2536, 2541, 81 L.Ed.2d 425 (1984) (question whether punishments are "multiple" essentially one of legislative intent). Defendant does not argue that the *Blockburger* test is not met in this case.

■ Beyond *Blockburger*, the parties have cited us to no discussion in the legislative history which indicates that Congress considered the possibility that a single act of possession might be punished under both § 641 and § 1708. This is hardly surprising, because the statutes appear in separate sections of Title 18. When multiple convictions are based on a single section of the code, courts rely on an absence of legislative history indicating an intent to punish the accused twice for a single criminal transaction in holding that such convictions are prohibited. *See, e.g., Milanovich v. United States*, 365 U.S. 551, 81 S.Ct. 728, 5 L.Ed.2d 773 (1961); *United States v. Makres*, 598 F.2d 1072, 1075 (7th Cir.1979) (compiling cases). When separate sections of the code are involved, however, it is less

likely that the legislative history will prove enlightening, for "Congress can hardly be expected, each time it considers a proposed criminal statute, to reexamine Title 18 to find other provisions that may under some circumstances be violated by the conduct prohibited in the bill under consideration." *Makres*, 598 F.2d at 1075.

The defendant argues that, as was the case in *Simpson v. United States*, 435 U.S. 6, 98 S.Ct. 909, 55 L.Ed.2d 70 (1978), the statutes at issue here are "addressed to the same concern and designed to combat the same problem," *id.* at 10, 98 S.Ct. at 911, which he defines generally as the problem of receiving or possessing stolen goods. There is some appeal to the defendant's argument. The government is not required to prove that a defendant charged with illegal possession of stolen mail under § 1708 knew that the property had been stolen from the mails, nor is it required to prove in a § 641 concealing-and-receiving case that the defendant knew that the stolen property belonged to the United States. *See United States v. Smith*, 489 F.2d 1330 (7th Cir.1973), *cert. denied*, 416 U.S. 994, 94 S.Ct. 2407, 40 L.Ed.2d 773 (1974) (§ 641); *United States v. Gardner*, 454 F.2d 534 (9th Cir.), *cert. denied*, 409 U.S. 867, 93 S.Ct. 164, 34 L.Ed.2d 116 (1972) (§ 1708).

However, the Court in *Simpson* did not rely merely on a finding that the statutes were addressed to the same general evil; it went on to employ other means of statutory construction to discern Congress's intent. In *Simpson*, there were clear references in the legislative history to Congress's intention that the statute under consideration, which authorized additional punishment if a robbery was committed with a firearm, not be used in conjunction with a provision of the federal bank robbery statute authorizing additional punishment when a robbery was committed with a "dangerous weapon or device." *Simp-*

---

1. The sentence of probation is to be served consecutively to the defendant's imprisonment, and concurrently with a sentence of five years

probation imposed for convictions on the remaining counts.

*son,* 435 U.S. at 13–14, 98 S.Ct. at 913–914.[2] The Court further relied on the rule that ambiguity in a criminal statute is to be construed in favor of lenity, and the principle that a specific statute is to be given preference over a general one in determining that Congress did not intend cumulative punishment under both statutes. *Id.* at 15–16, 98 S.Ct. at 914–915.

In this case, not only are the two statutes unambiguous and specific, we cannot agree with the defendant's conclusion that Congress intended the statutes only to reach the general problem of possession of stolen property. Possession of stolen mail injures society because it interferes with our mail system: because the mail is in the possession of the defendant, it will not be delivered. Possession of stolen government property interferes with the workings of our government. In this case, for instance, the defendant's possession of the Treasury checks disrupted the government's transfer of funds. One of the postmen who was robbed testified that the checks involved here were what he described as "first of the month" checks, which he delivered to recipients under various government retirement programs. While it can be argued that it was the original theft which prevented the government from fulfilling its goals of delivering the mail and transferring its funds, defendant's possession of these items assured that the disruption would continue. Thus, we find *Simpson* inapplicable.

Finally, defendant argues that one of his convictions must be overturned under the merger rationale of *United States v. Seals,* 545 F.2d 26 (7th Cir.1976). In that case, the government tried to avoid the import of cases holding that a defendant could not be convicted under both the taking and possessing paragraphs of § 1708 by charging the defendant with robbery of a postal employee under 18 U.S.C. § 2114 and pos-

session under § 1708. We held that the "strong policy ... not to convict upon two different offenses when the robber is found in possession of the same goods he has stolen" could not be circumvented by charging a defendant under the taking section of one statute and the possession section of another. *Id.* at 29 n. 3.[3] No such policy is evident here, where the defendant, who was acquitted of theft, possessed stolen mail which was also stolen government property.

### III.

For the reasons stated above, the judgments of conviction are affirmed.

---

**2.** In *Simpson,* the defendant had been sentenced under the provisions of both 18 U.S.C. § 2113(d) (enhanced punishment for bank robbery committed by use of dangerous weapon or device) and 18 U.S.C. § 924(c) (enhanced punishment for commission of felony with firearm).

**3.** Nor do other merger cases aid defendant here, for such cases deal with the situation where a

defendant *necessarily* violates two statutes by completing a criminal act. *See United States v. Makres,* 598 F.2d 1072, 1077 (7th Cir.1979) (discussing merger doctrine).

