**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jack Ernest BAUGH,
Defendant-Appellant.**

**No. 84–3186.**

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 17, 1985.

Decided April 3, 1986.

As Amended June 11, 1986.

E. Michael O'Brien, Peoria, Ill., for defendant-appellant.

Michael J. O'Leary, Asst. U.S. Atty., Gerald D. Fines, U.S. Atty., Peoria, Ill., for plaintiff-appellee.

Before BAUER, WOOD and POSNER, Circuit Judges.

PER CURIAM.

On July 7, 1977, Jack Ernest Baugh, a convicted felon, pled guilty to seven counts of unlawful receipt of a firearm, 18 U.S.C. § 922(h), pursuant to a negotiated plea agreement. Each count of the information on which Baugh's plea was based alleged simply that "on or about the 6th day of April, 1977" he had received a given weapon in interstate commerce; one count differed from the other only insofar as it alleged receipt of a different firearm on that same day. In accordance with his plea agreement, the district court sentenced Baugh to seven consecutive five-year prison terms.[1] Over seven years later, Baugh moved to have his sentences on five of the seven counts vacated as illegal pursuant to Rule 35(a), Fed.R.Crim.P. He asserted that Counts II, III, V, VI and VII comprised but one offense[2] and thus his sentence violated double jeopardy's proscription against multiple punishment. The district court denied Baugh's motion. He appeals. We reverse and remand the case to the district court for resentencing.

■ The government contends that Baugh's counseled guilty plea precludes consideration of his double jeopardy claim; because Baugh consented to multiple sentences at the time of his guilty plea, the government asserts he has waived his right to challenge the sentences. A guilty plea does not, however, waive a claim that an information or indictment, judged on its face, is constitutionally deficient in violation of the double jeopardy clause. The government's suggestion to the contrary ignores the plain holdings of definitive decisions of both the Supreme Court and this court. *Menna v. New York,* 423 U.S. 61, 62, 96 S.Ct. 241, 242, 46 L.Ed.2d 195 (1975) (per curiam); *McFarland v. Pickett,* 469

F.2d 1277, 1279 (7th Cir.1972).[3] *See also United States v. Gaertner,* 583 F.2d 308, 310–11 (7th Cir.1978), *cert. denied,* 440 U.S. 918, 99 S.Ct. 1238, 59 L.Ed.2d 469 (1979). *See generally United States v. Ruttenberg,* 625 F.2d 173 (7th Cir.1980); *United States v. DiFonzo,* 603 F.2d 1260 (7th Cir. 1979), *cert. denied,* 444 U.S. 1018, 100 S.Ct. 672, 62 L.Ed.2d 648 (1980). As the Supreme Court explained in *Menna v. New York,* 423 U.S. at 62 n. 2, 96 S.Ct. at 242 n.2 (emphasis supplied):

> ... [A] counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case. In most cases, factual guilt is a sufficient basis for the State's imposition of punishment. *A guilty plea, therefore, simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established.* Here, however, the claim is that the State may not convict petitioner no matter how validly his factual guilt is established. The guilty plea, therefore does not bar the claim.

■ This court need not transcend the four corners of the information in this case in order to assess the validity of Baugh's claim. It is well-settled that, unless the government specifically proves a defendant either separately acquired or stored his weapons, he is presumed to have committed only one crime, not a series of crimes. Absent such proof, a district court may impose sentence for but one § 922(h) offense, *United States v. Calhoun,* 510 F.2d 861, 867 (7th Cir.), *cert. denied,* 421 U.S.

---

1. The statutory maximum prison sentence for a § 922(h) violation is five years.

2. In support of this motion, Baugh submitted an affidavit in which he stated that he received the weapons identified in Counts II, III, V, VI and VII by bequest of his deceased father.

3. *Accord United States v. Broce,* 781 F.2d 792 (10th Cir.1986); *United States v. Broussard,* 645 F.2d

504 (5th Cir.1981); *Brown v. Maryland,* 618 F.2d 1057 (4th Cir.), *cert. denied,* 449 U.S. 878, 101 S.Ct. 224, 66 L.Ed.2d 100 (1980); *Launius v. United States,* 575 F.2d 770 (9th Cir.1978); *Green v. Estelle,* 524 F.2d 1243 (5th Cir.1975). *Compare United States v. Pratt,* 657 F.2d 218 (8th Cir.1981); *United States v. Herzog,* 644 F.2d 713 (8th Cir.), *cert. denied,* 451 U.S. 1018, 101 S.Ct. 3008, 69 L.Ed.2d 390 (1981).

950, 95 S.Ct. 1683, 44 L.Ed.2d 104 (1975); *McFarland*, 469 F.2d at 1278–79. *See also United States v. Oliver*, 683 F.2d 224, 232–33 (7th Cir.1982). The information does not allege that Baugh either acquired his weapons separately or stored them in different locations. Nor, for that matter, did the government make any such allegations or present any such proof at the July 7, 1977 plea hearing.

■ The government does not deny the information's deficiency, but urges instead that it "might" have discovered or adduced the missing proof that Baugh not pled guilty. This argument is entirely irrelevant. Ultimate responsibility for drafting a proper criminal complaint and presenting the minimal proof necessary to support a conviction on a guilty plea rests exclusively with the government, *see* Rule 11, Fed.R. Crim.P. It does not shift to the defendant when he agrees to plead guilty. *McFarland*, 469 F.2d at 1279.[4]

■ The government's argument that this court should nonetheless sustain the sentence because several other charges were dismissed in exchange for Baugh's plea begs the issue. Baugh pled guilty to a § 922(h) unlawful receipt of firearms charge and, despite his misguided agreement to the contrary, it is for that crime alone that he may be sentenced. A prosecutor has absolutely no authority to negotiate for or secure a sentence that exceeds the statutory maximum for the offense of which the defendant will be convicted.[5] Having negotiated the defective plea and voluntarily secured dismissal of the other charges, the government cannot now avoid the consequences of its acts. *Launius*, 575 F.2d at 772; *cf. Pratt*, 657 F.2d at 221.

We reverse the district court's denial of Baugh's motion to vacate his sentences on Counts II, III, V, VI and VII and remand the case for resentencing.[6]

REVERSED AND REMANDED.

---

4. In any event, the argument is pure conjecture. Upon inquiry from the district court as to the constitutionality of Baugh's sentence, the government stated only that the parties had bargained for and agreed upon the sentence. At no point did the prosecutor represent that he had, or expected to have, the additional evidence to support separate convictions.

5. It is doubtful that the dismissal of the additional receipt of weapons charges in any way prejudiced the government. Though the original information is not a part of the appellate record, those charges apparently suffered the same deficiency as do the present counts.

6. It appears that Counts I and IV may suffer the same facial deficiency as do Counts II, III, V, VI and VII but Baugh does not challenge Counts I and IV. Therefore, this order does not encompass those counts.