**UNITED STATES of America, Plaintiff,**

v.

**Osbie L. BOOTH and John Shoemaker, Defendants.**

**Crim. A. No. H90–00011(L).**

United States District Court, S.D. Mississippi, Hattiesburg Division.

May 18, 1990.

Thomas E. Payne, Asst. U.S. Atty., Biloxi, Miss., for plaintiff.

Robert W. Smith, Osbie L. Booth, Eugene Henry, John Shoemaker, Biloxi, Miss., for defendants.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on separate motions by defendants Osbie L. Booth and John A. Shoemaker for severance pursuant to Rule 14 of the Federal Rules of Criminal Procedure and to dismiss count III of the indictment. The government has responded to defendants' motions and upon consideration of the motions together with the responses, the court concludes that count III of the indictment should be dismissed and the motion for severance granted.

Defendants are charged in a three-count indictment: Count I charges that the defendants did possess a firearm, and that such firearm is a destructive device as defined in 26 U.S.C. § 5845(a) and (f); count II charges defendants with making a firearm that is a destructive device, as previously described; and finally, in count III, they are charged with using and carrying a firearm during and in relation to a violent crime, said firearm being the same destructive device previously described, in violation of 18 U.S.C. § 924(c)(1).

Section 924(c) provides that

Whoever, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years....

The statute defines the term "crime of violence" to mean an

offense that is a felony and—(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Finally, as is relevant here, the statute prohibits the sentencing court from ordering that the sentence imposed under section 924 run concurrently with "any other term of imprisonment including that imposed for the crime of violence or drug trafficking crime in which the firearm was used or carried."

■ The "violent crime" here charged is the making and possession of a destructive device. Defendants do not appear to dispute that a destructive device is a firearm.[1] Rather, defendant Shoemaker alleges in his motion that the making of a destructive device is not by its nature a violent crime and therefore, count III fails to set forth a crime of violence as a predicate offense as required by section 924(c). In a similar vein, defendant Booth argues that the inclusion of count III constitutes an impermissible pyramiding of penalties for the same offense. With this position, the court agrees. Defendants are charged in counts I and II under 26 U.S.C. § 5845(a) with making and possessing a firearm; pursuant to section 924, they are charged in count III with carrying that firearm. Under the facts charged, these are indistinguishable offenses. In an analogous situation, it was observed that,

It is hornbook law that a thief cannot be charged with committing two offenses— that is, stealing and receiving the goods he has stolen.

*Milanovich v. United States*, 365 U.S. 551, 558, 81 S.Ct. 728, 732, 5 L.Ed.2d 773 (1961) (Frankfurter, J., dissenting); *see also United States v. Seals*, 545 F.2d 26 (7th Cir. 1976) (same). This is so because one offense, receiving stolen goods, is an essential facet of the other, stealing the goods.

---

1. 18 U.S.C. § 921(a)(3)(D) includes within the definition of "firearm" "any destructive device."

Similarly, 26 U.S.C. § 5845 defines firearm to include "a destructive device."

Here, it is not even the case that one offense is an ingredient of the other; rather, they are the same—that is, possessing and carrying. Count III must, therefore, be dismissed as requested by defendants.[2]

■ Each of the defendants seeks a severance of his trial from that of his co-defendant. Though the court is familiar with the general principle that defendants indicted together should be tried together, the *court is of the opinion that severance should be ordered in this case.* According to information provided by Booth, his co-defendant, Shoemaker, has confessed at his preliminary hearing and on other occasions to making and possessing the destructive device described in the indictment and has implicated Booth in the alleged crime. To avoid the prejudice to Booth that would result from the admission of Shoemaker's confession at a joint trial, the court finds that severance should be ordered. *See Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).

Accordingly, it is ordered that the separate motions of defendants Booth and Shoemaker to dismiss count III of the indictment are granted. It is further ordered that defendants' motions for severance are granted.

ORDERED.

---

**2.** The principal case relied on by the government in support of its position is *United States v. Hedgcorth,* 873 F.2d 1307, 1308 (9th Cir.1989), in which the court found that

> Evidence supported finding homemade napalm fire bombs were "destructive devices" for purposes of statute providing mandatory five year prison sentence for anyone using a firearm during and in relation to any crime of violence ... with term "firearm" including "destructive device." ....

*Hedgcorth* is clearly distinguishable from the case *sub judice;* in *Hedgcorth,* the defendants were charged with and convicted of conspiracy to destroy property, in addition to the separate firearms charges.