908 F.2d 975
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kirk E. BINTZLER, Defendant-Appellant.
 No. 88-2508.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 11, 1990.*
Decided July 18, 1990.
 
 Before WALTER J. CUMMINGS, and HARLINGTON WOOD, Jr., Circuit Judges, and WILBUR F. PELL, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 Kirk Bintzler was convicted after a plea of guilty to two counts of possession of a firearm by a felon. 18 U.S.C. Sec. 922(g)(1). Bintzler, having been previously convicted of armed robbery, possessed a Mossberg Bull Pup shotgun on June 7, 1987 and an Erma-Werke semi-automatic pistol on August 26, 1987. Judge Evans sentenced him on January 5, 1988 to five years on each count, the sentences to be served consecutively.[1] Bintzler filed a motion under the version of Fed.R.Crim.P. 35 applicable to pre-Guidelines sentences on May 4, 1988. He gave no grounds for this motion, but supplemented it on July 15, 1988 with an argument that he was sentenced in violation of the constitutional ban on double jeopardy. He stated that the guns referred to in each count were acquired the same day, and that there was only one crime committed in possessing both weapons. United States v. Baugh, 787 F.2d 1131 (7th Cir.1986). Judge Evans denied the motion without a detailed statement of reasons on July 21 and Bintzler took a timely appeal to this Court.
 
 
 2
 While the appeal was pending, Bintzler filed a new Rule 35(a) motion in the district court on June 26, 1989.[2] This motion was based on entirely different grounds. He argued that Judge Evans had imposed an indeterminate sentence, see supra footnote 1; that Judge Evans should have imposed a sentence under the new Guidelines even though the criminal activity had taken place before November 1, 1987; that it was improper for the court clerk to issue an arrest warrant on a grand jury indictment; that the $50 per count special assessment was unconstitutional; and that his trial counsel had been ineffective in failing to argue these issues at trial. Although unsure of his jurisdiction in light of the pending appeal from the first Rule 35 denial, Judge Evans went forward and denied the second motion on its merits on November 6, 1989. No new notice of appeal was filed. In his brief to this Court, Bintzler presses arguments from both of the Rule 35 motions.
 
 
 3
 The government suggests that the filing in the district court of the second Rule 35 motion acted as a motion to reconsider the denial of the first motion. As such, the government reasons, the later motion made the earlier notice of appeal ineffective. It cites United States v. Gargano, 826 F.2d 610 (7th Cir.1987) for this proposition. This case differs from Gargano in that the new Rule 35 motion was filed after the time to appeal from the first denial had already run. United States v. Naud, 830 F.2d 768 (7th Cir.1987), also cited by the government, presents the same situation as Gargano; the motion to reconsider was filed before the time to appeal had expired. A later Rule 35 motion suspends the finality of the first denial only if the later motion is filed within ten days of the entry of the denial. The first denial is therefore properly before us. There is no appeal from the judgment of November 6, 1989, so that we have no jurisdiction to consider any aspect of the subsequent Rule 35 motion.
 
 
 4
 It is a commonplace that an appellate court will not reverse a lower court for reasons not presented to that court. See, e.g., United States v. Manso-Portes, 867 F.2d 422, 426 (7th Cir.1989) (objection to admission of evidence on one ground did not preserve all other grounds for appeal). The only ground presented to the district court in connection with the order under review here is that the sentence violated the Double Jeopardy clause of the Constitution. We will not consider the other arguments.
 
 
 5
 The government and Bintzler disagree on exactly when Bintzler came into possession of each gun. Under either version of events, Bintzler's claim of double jeopardy fails. Bintzler claims that he owned (illegally) the Mossberg Bull Pup shotgun and a Colt AR-15 semi-automatic rifle.[3] He ran an advertisement in the Milwaukee Journal newspaper on June 7, 1987 offering to sell or trade the guns. When Thomas Malczewski answered the ad, Bintzler's son-in-law Anthony Zanola brought the guns to Bintzler's home for Malczewski to inspect. Malczewski and Bintlzer eventually agreed that Malczewski would get the Mossberg and the Colt in exchange for $550 and the Erma Werke pistol. The deal was done the same day. Bintzler was arrested on August 26, 1987 and was found to be carrying the pistol.
 
 
 6
 Bintzler's argument is that he possessed both the shotgun and the pistol on June 7, and that it follows that there was only one possession of two firearms--only one crime. He relies heavily on United States v. Baugh, 787 F.2d 1131 (7th Cir.1986). In that case, the defendant was charged with seven counts of unlawful receipt of a firearm. Each count charged that Baugh had received a gun on April 6, 1977; They differed only by naming a different weapon in each count. "It is well-settled that, unless the government specifically proves a defendant either separately acquired or stored his weapons, he is presumed to have committed only one crime, not a series of crimes." Id. at 1132. In this case it is plain that Bintzler acquired the two weapons separately. He acquired the Erma Werke pistol on June 7, 1987 as a result of a newspaper ad he had previously placed. It is obvious that he possessed the Bull Pup shotgun at the time he placed the advertisement; he had at least enough possession to offer the gun for sale. He gave up possession of the shotgun to obtain possession of the pistol. There were clearly two possessions, and therefore two crimes and no double jeopardy violation. The denial of the motion to reduce sentence is therefore
 
 
 7
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Appellant has filed such a statement. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 Bintzler asserts that Judge Evans orally sentenced him to three to five years on each count, and the transcript bears this out. Judge Evans states that the transcript was in error, and that he sentenced Bintzler to five years on each count, as stated in the judgment order. However, as we shall see, this issue is not before the court
 
 
 [2]
 Bintzler was "represented" by Melvin P. Deutsch on this motion. Mr. Deutsch is not an attorney. United States v. Bradley, 896 F.2d 284 (7th Cir.1990)
 
 
 [3]
 Bintzler seems to argue that his possession was "constructive" and therefore insufficient to support a conviction. When he pleaded guilty to possession of the gun he admitted possession, and he cannot simply take it back. United States v. Ellison, 798 F.2d 1102 (7th Cir.1986). Besides, it is apparent that Bintzler owned the gun even if he did not keep it in his own home